# Evans *v.* The State.

## *Indictment for Robbery.*

1. *Trial by impartial jury.*—The purpose of the statutory provisions for drawing, summoning and empanelling jurors for the trial of persons indicted for capital felonies, is to secure a trial by an impartial jury.

2. *From whom jury is to be selected.*—It is the right of the defendant to have a jury selected from all the persons summoned as special and regular jurors who are in attendance and competent, only subject to any contingency and necessity that may arise from the operation of the statutory provisions, but where the same persons are drawn and summoned for the trial of two defendants indicted for separate capital felonies, to be tried on the same day, should one or more of them be engaged in the consideration of the case of one of the accused, while a jury is being selected for the trial of the other, the necessity in such case is created by the act of the court, and is in violation of the requirements of § 4874 of the Code.

3. *Robbery; what constitutes*—Snatching a thing from the hands of another, accompanied with violence, or threats creating apprehensions of bodily harm, or resistance however slight, constitutes robbery.

APPEAL from the City Court of Selma.

Tried before HON. JNO. HARALSON.

The defendant was indicted and tried for robbery. At the time of the trial, the defendant, being arraigned, pleaded not guilty, and the court proceeded to draw a special jury as required by the jury law of Dallas county. At the same time there was another defendant present, charged with murder, whose trial was set for the same day, and for whose trial a special jury was also to be drawn. The presiding judge ordered the clerk to keep two separate lists, one for each case, and as he would draw out of the box a name, caused it to be put down on each of said lists, and thus continued to draw until the list contained the full number of names requisite to make out the *venire*, thereby making one drawing answer for each of said cases. With the jury thus organized against the objection and exception of defendant, the defendant was placed on trial and convicted.

Maggie Thomas, whom it was charged the accused had robbed, testified that on the 3rd of December, 1884, the accused followed her into Donner's yard in the city of Selma, and snatched from her hand a satchel containing three quarter-of-dollar pieces, in silver money; that he got the satchel from her and she never recovered it; that in getting the satchel he jerked her with such force as to throw her down. Witness further

[Evans v. The State.]

testified to the appearance of the accused at the time of the commission of the offense, and described him with his hat drawn down over his face, &c. The solicitor, at this point, put the hat, shown to witness, on defendant's head, drawn down over his face as described by the witness. The defendant's counsel objected to this mode of examination, and "*excepted to its going to the jury*." The defendant requested the court to charge the jury: 3. "That if they believe from the evidence that the bag was snatched from the hand of the party charged to be assaulted, then they must believe there was evidence of violence, otherwise than snatching the bag from her hand, or they must find the defendant not guilty." 9. "That if they believe from the evidence that the only object of the person who snatched the bag out of the hand of the assaulted person was to steal the bag and contents, without violence, then they must find the defendant not guilty of robbery," which charges the court refused, and defendent excepted. A number of other charges embodying substantially the same instructions were asked by defendant and refused, to which refusal defendant reserved exception—and assigns the same, with other adverse rulings of the courts excepted to, as error.

. BROOKS & ROY, for appellant, cited *Posey v. The State*, 73 Ala., 492; *Shelton v. The State, Ib.*, 9; *Spicer v. The State*, 69 Ala., 159; *Paris v. The State*, 36 Ala., 232; *Rush v. The State*, 61 Ala., 90.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—Founded on the gravity of the crime charged, and on the serious consequences to the accused that result from a conviction, special statutory provisions are made for drawing, summoning and empaneling jurors for the trial of a person indicted for a felony, that may be punished capitally. The purpose of such enactments is to secure a trial by an impartial jury; and they manifest an intention to guard the rights of the accused, and to afford protection so far as the proper administration of the criminal law will justify. In furtherance of this humane purpose, section 4874 of the Code provides, that in such case, the court must make an order, commanding the sheriff to summon not less than fifty, nor more than one hundred persons, including those summoned on the regular juries for the week or term, when the term does not exceed one week. Under this statute, the sheriff exercised a discretion as to the persons, other than the regular jurors, whom he would summon.

By the special act "to regulate the drawing and empaneling of grand and petit jurors in Dallas county," this discretion is

taken from the sheriff. The act provides, that the court must make the order required by section 4874, and shall then, in open court, cause to be drawn from the jury box the number of names required, and cause a list of the jurors thus drawn, and of the regular jurors for the week, to be forthwith served on the defendant. On the day set for trial, the court is required to enquire into and pass upon the qualifications of the persons summoned who appear, and cause the names of those held competent to be placed on lists, from which the defendant strikes two names and the solicitor strikes one, and so continue, until only twelve names remain, who constitute the jury. The manifest operation of these provisions is, to create and preserve the entirety and unity of the proceedings in empaneling a jury, from the making of the order, to the actual selection of the jury. The statute contemplates, that it shall be a proceeding in the particular case, individualized and separate from all other criminal cases pending in the court.

The constitution guarantees to the defendant a trial by an impartial jury. The legislature provides the modes, by which this right shall be secured and enjoyed. By the statute under consideration, a jury must be selected from the lists caused to be prepared after the court has inquired into and passed on the qualifications of the persons summoned and present. When only twelve names remain, the right to strike or challenge ceases. Under the statutory regulations, it is the right of the defendant to have a jury selected from all the persons summoned as special and regular jurors, who are in attendance and competent, only subject to any contingency and necessity, that may arise from the operation of the statutory provisions. For instance: In *Kimbrough v. State*, 62 Ala. 248, it was held, that the court need not delay empaneling a jury, when one or more of the regular jurors are on the *venire* served on the defendant, are engaged in the consideration of another case, and can not come into court voluntarily, nor be brought in without disregarding the rights of some other persons, equally entitled to the consideration of the law. The ruling is founded on the presumption, that when the legislature provided, that the regular jurors in attendance should constitute a part of the *venire*, it was contemplated that some of them might be engaged in the trial of another cause, and that the right of the defendant to have such regular jurors called is subject to the due administration of the law, and does not operate to delay or obstruct the business of the court. But where the trials of two persons, indicted for separate capital felonies, are set on the same day, and the same persons are drawn and summoned as special jurors for both trials, should one or more of them be engaged in the consideration of the case of one of the accused,

while a jury is being selected for the trial of the other, the court would be unable to comply with the statutory requirement to "cause the names of all those whom the court may hold to be competent jurors" to be placed on the lists, from which the defendant and the solicitor must strike. The necessity in such case does not arise from the operation of the statute, but is created by the act of the court—by the manner in which the special jurors are drawn.

The order of the court for summoning jurors, drawing the number of names required as special jurors, the service of the *venire* on the defendant, enquiring into and passing on the qualifications of the persons summoned, and causing the lists of those competent to be prepared, are all preliminary and necessary proceedings to a legal trial. If a trial is had, its inception, in legal contemplation, is in the order made as required by section 4874 of the Code. Such order can not be made jointly for the trials of two defendants, charged with distinct felonies; and separate orders can not be followed by a joint drawing from the jury box of the requisite number of names as special jurors. The requirements are, the court must make such order, "and shall then, in open court, cause to be drawn from said jury box the number of names required." The statute contemplates and provides for a separate drawing, as well as a separate order. The intention of the statute is to provide for the trial of one defendant, or of two or more defendants jointly indicted—of one case—and preserves the singleness and continuity of the antecedent proceedings. At no stage, should they be complicated or connected with the proceedings in any other case. A joint drawing of the names of persons to serve as special jurors for the trial of two persons separately indicted is, to that extent and for that purpose, a consolidation of the two cases. The provisions of the statute are mandatory, and must be obeyed as expressed. Error is clearly shown, and it does not affirmatively appear there is no injury. The defendant has not been tried by a jury drawn as required by the statute, and this is a reversible error.

While it may be true, that mere taking unawares, or a sudden snatching a thing from the hand of another is not robbery, if the snatching be accompanied with violence, or such demonstrations or threats as to create a reasonable apprehension of bodily injury, or creates resistance however slight, the offense is committed. The evidence of the witness from whom the satchel was taken, if believed, shows that violence was used. All the instructions requested by the defendant have a tendency to divert the attention of the jury, or to withdraw from their consideration the evidence of material facts. Being misleading, they were properly refused.—*Jackson v. State*, 69 Ala. 249.

Conceding that the use of the defendant's person, and that by the solicitor, in the presence of the jury, as an illustration, is improper, the record does not show that the court made, or was asked to make any ruling on the objection. The exception is to the act of the solicitor, and not to any decision of the court. The question is not properly reserved for review.

The question, as to the order for the service of the *venire*, and its service on the defendant will probably not arise on another trial.

Reversed and remanded.