# Trammell *v.* The State.

*Manslaughter.*

(Decided April 16, 1911. 45 South. 431.)

1. *Jury; Organization; Service on Defendant.*—Under section 32, Acts 1909, p. 320, it was not error to require a defendant to select a jury for his trial of murder without the presence of twelve jurors who were engaged in deliberating upon another case, although their names were upon the venire served upon him.

2. *Same.*—Under Acts 1909, p. 320, when two or more capital cases are set for trial on the same day, and only one venire is ordered, if a trial is entered upon with a jury selected from such venire, it is within the discretion of the trial judge whether he will proceed to trial in the second case with the remaining jurors, or await the discharge of the jurors in the first case; but where there is only one capital case, none but the names of the jurors engaged in considering other cases may be disregarded in organizing the jury, and then only when the required number of names remain on the list.

3. *Homicide; Instructions; Self Defense.*—A charge asserting that if the accused shot under a bona fide belief that his life was in danger. and he had reasonable cause to believe that he was in imminent danger when he fired, it was immaterial whether there was such danger or not, was a proper charge where there was evidence to support it, and its refusal was error.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

From a conviction of manslaughter Sam Trammell appeals. Reversed and remanded.

N. D. DENSON, for appellant. Counsel discusses the action of the court in the organization of the jury and insist that the court was in error in not placing certain

names upon the venire from which the jury was select-
ed, but cites no authority in support thereof. Counsel
insists that the refusal of charge 1 was prejudicial er-
ror.—*Kenedy's Case,* 140 Ala. 1; *Snyder's Case,* 145
Ala. 33; *Gaston's Case,* 49 So. 879; *Arman v. The State,*
71 Ala. 351.

ROBERT C. BRICKELL, Attorney General, and WILLIAM
L. MARTIN, Assistant Attorney General, for the State.
The court was not in error in the method employed
in selection of the jury to try the case.—*Chamblee v.
The State,* 78 Ala. 488; *Kimbrough v. The State,* 62
Ala. 250; *Wilson v. The State,* 54 So. 572. For the
omission of the word "actual" before the word "danger"
the charge refused was rendered bad.—*Kenedy's Case,*
140 Ala. 1.

DE GRAFFENRIED, J.—The defendant was indict-
ed for murder, pleaded not guilty, was tried by a jury,
found guilty of manslaughter in the first degree, and
as punishment therefor was sentenced to the peniten-
tiary for two years.

The presiding judge drew 13 names from the jury
box, under all the formalities of law, which, with the
37 names drawn and summoned for the week in which
the case was set for trial, constituted the venire from
which the jury was to be selected to try the defendant.
The bill of exceptions shows that when the case was
called "the defendant, after showing the court that 12
of the jurors whose names were upon and formed a
part of the venire served upon the defendant in this
case were out considering a case which had just been
submitted to them as jurors by the court, and that the
fact that said jurors were out would reduce the list of
jurors from which the jury would have to be selected

to 24, objected to being required to proceed with the trial and the selection of a jury before the said 12 jurors then out returned and their names could be placed upon the lists from which the jury was to be selected, and also moved the court to postpone the selection of the jury in the case until the said 12 jurors could be present and their names could be placed upon the lists. The court overruled the defendant's objection, and the defendant duly and legally excepted to this ruling made by the court. The court also overruled the motion made by the defendant as above stated, and to this ruling by the court the defendant duly and legally excepted." There was no error in the above rulings of the court.

The present jury law (see Acts of 1909, p. 320) is modeled upon the act "to regulate the drawing and impaneling of grand and petit jurors in Dallas county," and that portion of the act which relates to the drawing and summoning of jurors in capital cases was held to be mandatory by our Supreme Court in the case of *Evans v. State,* 80 Ala. 4, where the court says: "The order of the court for summoning jurors, drawing the number of names required as special jurors, the service of the venire on the defendant, inquiring into and passing on the qualifications of the persons summoned, and causing the lists of those competent to be prepared, are all preliminary and necessary proceedings to a legal trial. * * * The statute contemplates and provides for a separate drawing, as well as a separate order. The intention of the statute is to provide for the trial of one defendant, or two or more defendants jointly— of one case—and preserves the singleness and continuity of the antecedent proceedings. At no·stage should they be complicated or connected with the proceedings in any other case." In the above case, the court held that under the Dallas county jury law, now remodeled

and made the law of the state, it was reversible error for the court to draw one list of special jurors for the trial of two or more capital cases set for trial on the same day. To meet this decision, the present jury law expressly provides that, when a court deems it proper, it may set two or more capital cases for the same day, and draw one venire for the trial thereof.

In the case of *Evans v. State, supra,* the court further said: In *Kimbrough v. State,* 62 Ala. 248, it was held that the court need not delay impaneling a jury, when one or more of the regular jurors who are on the venire served on the defendant, are engaged in the consideration of another case, and cannot come into court voluntarily, nor be brought in without disregarding the rights of some other persons, equally entitled to the consideration of the law. The ruling is founded on the presumption that, when the Legislature provided that the regular term jurors in attendance should constitute a part of the venire, it was contemplated that some of them might be engaged in the trial of another cause, and that the right of the defendant to have such regular jurors called is subject to the due administration of the law, and does not operate to delay or obstruct the business of the court." The Legislature, in providing that two or more capital cases could be set for trial on the same day, and that, if the court deemed it proper so to do, one venire could be drawn for the trial thereof, intended that the court should have the power, if any of the jurors, special or regular, whose names appeared on the venire were actually engaged as jurors in the trial of another case when a capital case was called for trial, to have the lists made up without such names and proceed to try such case without them. The record does not disclose whether there was more than one capital case set for trial on the day this defendant was tried,

[Trammell v. The State.]

nor does it disclose whether the venire which was serv-
ed on this defendant was also served upon some other
defendant in a capital case set for trial on that day.
We only know that, when this case was called, 12 of the
jurors whose names appeared on the venire which was
served on this defendant were then, as jurors, deliber-
ating on some other case. If they were deliberating
on another capital case so set for trial on this day, and
some of the 12 jurors were men whose names had been
drawn as special jurors for the trial of this and the
other capital case, the court had a right to excuse them
from appearing as jurors in this case, and had a right
to direct that their names should not be put upon the
lists. If, on the contrary, the jurors then out were 12
of the jurors drawn for the week, then the court had the
right to excuse them, no matter what the case may
have been on which they were then engaged.—*John Jobe
v. State,* (Infra) 55 South. 430; *Cole v. State,* 105 Ala.
76, 16 South. 672; *Shelton v. State,* 73 Ala. 5; *Prater v.
State,* 107 Ala. 26, 18 South. 238.

When two or more capital cases are set for trial on
the same day, and one venire is ordered, under the pro-
visions of law, for the trial of those cases, then, if a
trial of one of the cases is entered upon, and a jury is
selected for its trial from such venire, it is left by the
law in the sound discretion of the court to say whether
the court will proceed to trial in the second case with the
remaining jurors, or wait until the jury in the first case
has returned its verdict. When only one capital case
is set for trial, the court may proceed to the trial of
other causes before calling the capital case, and if,
when such capital case is called, some of the regular
jurors drawn and summoned for the week are then en-
gaged in deliberating, as jurors, on some other case, the
court may also disregard the names of such jurors, and

proceed to trial without them, provided there remain as many as 20 jurors whose names may be placed on the lists. While section 32 of the present jury law is in all things mandatory, it must be read and construed in connection with the other provisions of the act of which it forms a part, and also in the light of the above decision of the Supreme Court of *Evans v. State, supra,* which construed it while it was a mere local law operating in Dallas county.

The evidence in the case tended to show, on the part of the state, that the killing was not done in self-defense; but on the part of the defendant it tended to show that he shot in self-defense, and that, to all appearances, he was in imminent danger of losing his life at the hands of Tom Campbell, the deceased, and that defendant honestly believed that he was about to be shot by the said Tom Campbell when the defendant fired. Such being the state of the evidence, the defendant asked the court, in writing, to give the following charge to the jury.: "I charge you that if the defendant shot under the bona fide belief that his life was in danger, and had under all the circumstances reasonable cause to believe that he was in imminent danger at the moment the shot was fired, it would be immaterial whether there was such danger or not." But the court refused to give the charge, and the defendant excepted. The above charge is substantially the same charge which was declared to be a correct statement of the law in the case of *Kennedy v. State,* 140 Ala. 1, 37 South. 90. In fact, it is a verbatim copy of the charge which was approved in the *Kennedy Case, supra,* except that in the *Kennedy Case* the concluding words were "such actual danger or not," while in the charge under consideration the concluding words are "such danger or not." It is evident that the words "such danger"

[Sample v. The State.]

refer to the "imminent danger at the moment the shot was fired," and the difference in the two charges is a mere word, which neither added to nor detracted from the true legal meaning of either. The bill of exceptions shows that there were facts in evidence which justified the giving of the charge, and in refusing it the court committed reversible error.

Reversed and remanded.