(104 So. 347)

**McCOLSTON v. STATE.** (6 Div. 520.)

(Court of Appeals of Alabama. April 7, 1925. Rehearing Denied May 12, 1925.)

**1. Criminal law ⟨⟩572—Evidence held to sustain conviction.**

In prosecution for robbery, where chief question was identification of accused as one of robbers, evidence *held* sufficient to sustain conviction, notwithstanding evidence to establish alibi.

**2. Criminal law ⟨⟩747—Conflicting testimony on material issue presents question for jury.**

Conflicting testimony on material, issue presents question for jury.

**3. Criminal law ⟨⟩720½—Emphatic statements in argument of solicitor that accused is guilty should be refrained from.**

Emphatic statements of solicitor that accused is guilty are improper, as solicitor has no authority to substitute himself for jury and pronounce guilt.

**4. Criminal law ⟨⟩720½—Emphatic statement of solicitor that accused was guilty not error.**

In prosecution for robbery, improper statement of solicitor in argument that accused was guilty *held* not ground for reversal.

---

**5. Criminal law ⬅═759(1), 815(9)—Charge, predicated on single circumstance and invasive of jury's province, properly refused.**

In prosecution for robbery, charge that, if two conclusions could be drawn from a single circumstance, one tending toward innocence of accused, jury must accept that one *held* properly refused as being not predicated on the whole evidence, because it is for jury to say which conclusion they will adopt.

**6. Criminal law ⬅═829(1)—Refusal of charge covered by those given not error.**

Refusal of a charge, covered by those given, is not error.

**7. Criminal law ⬅═782(1)—Charge, that jury might consider facts and circumstances surrounding arrest, properly refused.**

In prosecution for robbery, charge, that jury might consider facts and circumstances surrounding arrest of accused as giving rise to doubt of guilt, properly refused, as circumstances surrounding arrest could not shed light on question of guilt of crime several days prior.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

S. B. McColston, alias Mack Colston, was convicted of robbery, and he appeals. Affirmed.

These charges were refused to defendant:

"(3) Where two conclusions can be drawn from a single circumstance, one tending to establish guilt and the other tending towards the innocence of the accused, the law makes *it* your duty to accept the conclusion tending towards innocence rather than the one tending towards guilt."

"The court charges the jury that you have a right to take into consideration all the facts and circumstances surrounding the case, including the arrest and apprehension of defendant, and, if from all the evidence you have a reasonable doubt of his guilt, you will return a verdict of not guilty."

Mathews & Mathews, of Bessemer, for appellant.

Defendant was due the affirmative charge. McMickens v. State, 16 Ala. App. 78, 75 So. 626. The argument of the solicitor was improper. B. R., L. & P. Co. v. Drennen, 175 Ala. 349, 57 So. 876, Ann. Cas. 1914C, 1037; Rowe v. State, ante, p. 119, 101 So. 91.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The argument of the solicitor was within proper limits. Mitchell v. State, 18 Ala. App. 471, 93 So. 46.

BRICKEN, P. J. [1] From a judgment of conviction for robbery, and a sentence of 10 years' imprisonment in the penitentiary, defendant appealed.

The controlling question here presented is that of the identity of this appellant, as being one of the three men, who perpetrated the crime complained of in the indictment. Upon this question the state introduced three witnesses whose testimony, upon this trial, tended to identify this appellant in this connection. It may be, as contended by defendant, that the testimony given by the state witnesses upon this trial conflicts in some material respects with the evidence given by them upon a former trial. It may also be true that discrepancies and contradictions are apparent, but it cannot be seriously insisted that the evidence was insufficient to be submitted to the jury for its consideration, and that it was the prerogative of the jury, and not the court, to pass upon the weight and credibility to be accorded to the evidence. On the important question of the identity of this defendant as being a participant in the crime, we note from this record that A. G. Jones, the alleged injured party, testified:

"They had their guns on me when they took me out of the wagon. I know this defendant here; he was one of them; I recognized his voice and size. I had been knowing him ever since I been going to Westfield, ever since July."

And on redirect examination he testified:

"From July up until that time I had seen Colston often. I just got to know him, got acquainted with him, seeing him you know, regularly buying stationery from me, and trading with me. I had been seeing him until just a few days before that happened."

State witness Ezra Jones on this question testified:

"I know S. B. Colston, I recognized his voice and his size, this defendant here. He was one of them. They had three guns, pistols. They threw them on him, on my brother A. C. Jones. * * * I recognized this defendant; he is one of them."

W. A. Hale, state witness, testified:

"I know this defendant, Colston, and have been knowing him for a year. Well they—this fellow here and two others—was pulling this fellow Jones from the truck, pulling him out. This defendant was one of the men that was pulling him out."

It can be seen from the above-quoted testimony, and other like import, that the evidence tended strongly towards identifying the defendant as being one of the perpetrators of the alleged crime. There was no dispute or conflict on the trial of this case that the offense complained of had been committed by some one.

[2] The defendant contended that he took no part whatever in the robbery, and insisted that he was in the city of Birmingham, which was far removed from the scene of the crime, at the time of its commission. He testified to this fact himself and offered the testimony of other witnesses whose tes-

timony tended to support his alibi. This material conflict was a question for the jury to determine. On the trial of this case, several exceptions were reserved to the rulings of the court upon the testimony. However, as no error of a reversible nature appears in any of these rulings, a discussion thereof need not be indulged.

[3, 4] The record discloses that the solicitor, in his argument to the jury in this case, stated:

"He is guilty of the crime of highway robbery."

There was objection to this statement and motion was made to exclude it, but the court overruled the defendant's objection, and also motion to exclude, whereupon the defendant duly reserved an exception. The emphatic statement here complained of would certainly have been improper, if made by the court, or even if the court had given an intimation to this effect. Attention is directed to the case of Rowe v. State (Ala. App.) 101 So. 91,[1] 92, and especially to the quotation contained therein. Of course the solicitor had no authority to substitute himself for the jury and pronounce guilt upon the defendant. Arguments of the kind here complained of should be refrained from by counsel. Rowe v. State (Ala. App.) 101 So. 91, 92.[1] As stated in the Rowe Case: Few, if any, cases would be reversed on appeal because of improper argument, or erroneous, or mistaken conduct upon their part, if prosecuting attorneys and counsel employed in defense would guard their utterances and regulate their conduct in the trial of cases as outlined in the opinion of the eminent Chief Justice (Ryan) of the Supreme Court of Wisconsin in Brown's Case, 44 Wis. 282, 28 Am. Rep. 582 (quoted in Rowe v. State, supra). In deciding this insistence here however, we must perforce hold under the authority of Gardner v. State, 17 Ala. App. 589, 87 So. 885; Gardner v. State, 205 Ala. 60, 87 So. 888; Mitchell v. State, 18 Ala. App. 471, 93 So. 46, and cases cited, that the rulings of the court complained of cannot be held to be error to a reversal. The rulings in the Gardner Case, supra, are practically on all fours with the rulings of the court, which are here insisted upon as error.

[5, 6] The motion for new trial presents no question not adjudicated upon the main trial. As stated the evidence presented a jury question and, in the opinion of this court, was ample to sustain the verdict and judgment. Refused charge 3 is not the law. This charge is predicated upon "a single circumstance," and not upon the whole evidence. Moreover, where two conclusions can be drawn from the evidence, it is for the jury to say which conclusion they will adopt, and the court is without authority to instruct them; it is their duty to adopt the one or the other. Davis v. State, 19 Ala. App. 94, 96 So. 369; Ex parte Davis, 209 Ala. 367, 96 So. 370. However, the court, while as stated, was under no duty to give this charge, yet given charge 2 covers the same proposition, and if for no other reason this would render the refusal of charge 3 errorless. Refused charges 8, 9, 10, and 11 deal with the question of presumption of innocence of defendant. The law upon this subject was properly stated in the court's oral charge. The same proposition of law is also fully covered by given charges 1, 5, and 6.

[7] The unnumbered charge refused to defendant is not the law, as the facts and circumstances, surrounding the arrest and apprehension of defendant, could not shed any light upon whether or not he participated in the crime charged, which is alleged to have occurred several days prior. This charge was properly refused.

We do not find any error of a reversible nature in any of the rulings of the court, nor upon the record proper, therefore the judgment of conviction appealed from is affirmed.

Affirmed.

