263 So.2d 709

**Larry CHAMBERLAIN, alias**

v.

**STATE.**

**7 Div. 146.**

Court of Criminal Appeals of Alabama.

June 13, 1972.

Burns, Carr & Shumaker, and Thomas E. Davis, Roy D. McCord, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Etowah County charged the appellant with robbery. The verdict, judgment and sentence fixed punishment at ten years imprisonment. Richard Strawm testified that in January, 1970, he was married to one Diane Strawm, who was at that time employed as the cashier of the "Quick Shop" grocery. He testified that the store opened at 7:00 in the morning and closed at 11:00 in the evening. Mr. Strawm testified that on Wednesday, January 21, 1970, he went to the "Quick Shop" store to get his wife shortly before closing time. He stated that he saw several customers come in and go out, got a Coca Cola, picked up a magazine, and began reading, when between 10:30 and 11:00, the appellant, Larry Chamberlain, came into the store with a pistol in his hand. The appellant aimed the pistol at his wife and stated to Mrs. Strawm, "This is a holdup" and then looked over at him and stated, "Don't look at me punk." Mr. Strawm testified that he had a good look at the appellant before he made the statement, and that within a few minutes his wife handed over monies from the cash register while the appellant pointed what appeared to be a German Luger pistol at her. He stated that the appellant told him to lie down on the floor and for his wife to do likewise and then he left with the money. He stated that his wife, using a pay phone at the store, called the police and reported the robbery. He further stated that the store was brightly lighted and that he had a good look at the appellant on the occasion in question. He further stated that he saw the appellant some three or four days later at police headquarters and identified him at that time as being the person who committed the alleged robbery. He described the appellant as being six feet to six feet one, about 175 pounds, medium build, dark hair, wearing old khaki pants, and an old dungaree jacket. He further stated that he had 20-20 vision.

Diane Upton testified that on the night of Wednesday, January 21, 1970, she was married to one Richard Strawm. She stated that they had subsequently been divorced and that each had been remarried since that date. She stated that she was employed as a cashier at the "Quick Stop" grocery at the corner of Peachtree and Eleventh Streets in the City of Gadsden where she worked the afternoon or second shift, from 3:00 until 11:00 in the evening. She stated that Mr. Strawm had come to pick her up shortly before closing time, and that she had served him a Coca Cola slush in a paper cup, and that he was seated reading a magazine near the counter when the appellant entered the store. She stated that the store was brightly lighted, and that the appellant came in about 10:35 in the evening. She stated that he pointed a pistol at her, which was held in his right hand, and told her that this was a holdup. He stated, "I want your money, I'm in a hurry, I'm not kidding." She stated that she then pushed the no-sale button on the cash register and took the paper money from it and handed it to the appellant. The appellant stated to her and her husband, "Hit the floor and stay there." She stated that she had checked her monies shortly before the appellant came in, as it was almost closing time, and that she had $104.00, which she handed to the appellant. She further stated that after the appellant left, she telephoned the police and reported the robbery, using a pay phone. She stated that the robbery did not last over about five or ten minutes. She further stated that she had a good look at him and saw him a second time some three or four days later at police headquarters. She described the appellant as having on a dark blue denim jacket with khaki pants; he had dark eyes and dark hair; was not wearing glasses. She described him as about six feet tall. She further stated that she wore glasses, and that she had them on at the

time of the alleged robbery. Mrs. Upton stated that the appellant was the "same man" who committed the alleged robbery.

The appellant presented testimony of his wife, Barbara Chamberlain, who testified that she and appellant married on December 18, 1965, in California, and had two young girls, ages two and five. She stated that her husband came to Alabama from California in October, 1969, and worked on construction jobs tearing down houses. She stated that on January 25, 1970, several police officers came to the house where they were living and asked for Larry Chamberlain, and after a brief conversation took him to police headquarters. She stated that her husband did not possess or own a gun. She further stated that the appellant's sister, Yolanda, was married to one Joe Bibby, and that this is the couple with whom they shared a house in Gadsden. She further stated that on the night of January 21, 1970, she and her husband were at home and watched television after dinner, and went to bed at about 10:30 that evening.

The appellant testified in his own behalf, stating that he had been born in Borga, Texas, had been reared in California, and had moved to Gadsden in October, 1969, as his sister and her husband were living there. He stated that he worked at odd jobs before getting with a company which was engaged in tearing down old homes, and that this was his most recent employment. He stated that on Wednesday, January 21, 1970, he came home about 6:00 in the evening and had dinner with his wife, sister, and brother-in-law. He further stated that one of his daughters was sick, and that he was home all evening, had gone to bed shortly after 10:30. He further stated that he remembered his sister and brother-in-law coming in, because he heard some doors closing shortly before 11:00 p. m. He stated that he did not own any type of gun, and that he had never owned a German Luger pistol. He also stated he was six feet tall. He stated that he had a tenth grade education and had quit school in California. He further stated he made some fifteen to sixteen dollars a day working on home remodeling and other jobs.

On rebuttal, Mrs. Diane Upton stated that while she noticed a slight difference in one eyebrow of the appellant, she observed him and remarked that he was the "same man."

I

■ The appellant raises three contentions concerning his trial. Where, as here, the appellant contends that he took no part whatever in the robbery and insists that he was not at the scene of the crime at the time of its commission, and offered testimony to support his alibi, such conflict in the evidence presents a jury question. McColston v. State, 20 Ala.App. 591, 104 So. 347.

We are of the opinion that the evidence here is sufficient to sustain a conviction of robbery as against a defense of alibi. McColston v. State, supra; Dorch v. State, 40 Ala.App. 475, 115 So.2d 287.

II

■ During closing argument, the following occurred:

"MR. BALLARD: And, as I say, there are things that I know about how he was arrested, but I can't bring them out in this trial. You will just have to do the best you can with that.

"MR. CARR: I am going to object to that line of argument.

"THE COURT: Yes, I sustain the objection."

In view of the fact that no details were mentioned pertaining to the arrest and the prompt action of the trial court in sustaining the objection, we do not feel that error is here shown by the above comment. Rule 45, Revised Rules of Practice, Supreme Court of Alabama.

## III

Following the oral charge of the trial court, the trial judge gave some seven requested charges, but refused the two following charges:

"DEFENDANT'S REQUESTED CHARGE NO. EIGHT:

"Ladies and gentlemen of the jury, the court charges that an indictment for robbery also embraces the charge of assault and battery.

"DEFENDANT'S REQUESTED CHARGE NO. NINE:

"Ladies and gentlemen of the jury, the court charges that an indictment for robbery also embraces the charge of larceny."

We are of the opinion under the evidence in this case, the trial court properly refused the above two charges since such evidence if believed would not support a conviction for larceny on the one hand or assault and battery on the other. Kelley v. State, 235 Ala. 5, 176 So. 807; Reeves v. State, 17 Ala.App. 684, 88 So. 197; Segers v. State, 283 Ala. 682, 220 So.2d 848.

Where, as here, since, if any offense was committed, it was robbery, the court's refusal to charge on grand larceny was proper. Brooks v. State, 36 Ala.App. 310, 55 So.2d 366.

While the refused charges may be correct statements of the law, such were abstract due to the nature of evidence in the case at bar, and their refusal is not error. Brown v. State, 39 Ala.App. 149, 96 So.2d 197.

As required by Title 15, Section 389, Code of Alabama 1940, Recompiled 1958, we have searched the record and finding no error therein conclude that the judgment of the trial court is due to be and the same is hereby

Affirmed.

All the Judges concur.