267 So.2d 526

### Henry Mack WILLIAMS

v.

### STATE.

1 Div. 212.

Court of Criminal Appeals of Alabama.

Oct. 10, 1972.

William A. Kimbrough, Jr., Asst. Dist. Defender, Dist. Defender Agency, Inc., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was tried and convicted in the Mobile Circuit Court for robbery and sentenced to imprisonment in the penitentiary for ten (10) years.

He did not testify or offer any witnesses in his defense, but at the end of

the State's case, he moved that the evidence be excluded and that he be discharged. The motion was overruled by the court and since the sufficiency of the evidence to uphold the conviction is raised by this motion, we think it is appropriate to set out a summary of the testimony presented by the State.

The evidence tended to show that on October 7, 1970, Wiley Shepard was in the Greyhound Bus Station in Mobile, Alabama, and that at approximately 6:00 P.M. he went into the men's restroom and as he started out near the dooway, he was struck on the back of the head by a colored male, shoved against the wall, at which time his assailant reached into his hip pocket and took his wallet containing approximately $106.00. The assailant ran back into the station, leaving immediately through the back door where he met State's witness, Tate, a cab driver, who had just parked his cab in the back of the station and was entering through the rear door. This witness testified that this man was "moving in a half-pace between running and walking". Immediately the witness met the victim, Mr. Shepard, who called out that he had been robbed and to stop the man. Witness Tate immediately called to another cab driver, a Mr. Campbell, who was sitting in his cab at the stand and told him to call the police, that a man had been robbed. Campbell called the police through the microphone in the cab. He further immediately followed the man whom he had seen come out of the station in his cab some several blocks, at times losing sight of him and at other times driving slowly behind him so as not to attract his attention. This cab driver who had notified the police and followed the appellant later told Mobile policeman Purvis, who had been alerted to the alleged robbery and was on the look-out for the robber, that appellant had just gone into a liquor store, whereupon Officer Purvis entered the store and arrested the appellant. When Purvis searched the appellant, he found a billfold containing $107.00, which he in turn gave to another

city policeman, Clarence Moquin, who had arrived on the scene and took the appellant along with the billfold and money to headquarters. At headquarters, the money and billfold was turned over to the officer in charge where it was kept in a vault until the day of the trial. During the pursuit of the appellant, witness Campbell testified he saw appellant throw away papers at different places along the route. A police officer reported finding these papers, later identified by the victim of the alleged robbery as being his and as having come out of his billfold. The victim could not identify the appellant, but the two cab drivers both identified him at the trial with regard to the clothes he was wearing at the time of the incident and testified also that they recognized his face.

The appellant requested the affirmative charge as to the offense of robbery which was refused by the court.

Counsel for appellant in brief argue error in overruling the motion to exclude the evidence and in refusing the appellant the affirmative charge in that the evidence set out did not establish the taking of the money by the use of force or by putting him in fear.

■ Robbery is defined as the felonious taking of money or goods of value from the person of another, or in his presence, by violence to his person, or by putting him in fear. Douglass v. State, 21 Ala. App. 289, 107 So. 791.

The essential elements of robbery may be sub-divided as follows:

(a) Felonious intent;

(b) force, or (by) putting in fear, as a means of effectuating the intent;

(c) and, by that means, a taking and carrying away of the property of another from his person or in his presence.

Thompson v. State, 24 Ala.App. 300, 134 So. 679; Henderson v. State, 172 Ala. 415, 55 So. 816.

In the case at bar, we hold that there was substantial evidence of the use of force and there was no error in refusing the motion to exclude or the affirmative charge requested by the appellant.

We further find that none of the other grounds to exclude the testimony is meritorious.

During the examination of Detective Joslin, a witness for the State, while the District Attorney was attempting to qualify him as to the voluntariness of an alleged statement made to him at headquarters by the appellant, the following occurred as shown by the record:

"Q. Did you ask him anything else about—

"A. I asked him where he got the money, and said he had worked for it; I asked him where did he work, and he said he worked at the Alabama Dry Docks. I told him I could check that, and he insisted that I should, and I made an effort to reach for the phone as if I was going to check it—I knew I couldn't at that time of the night, and he told me—

"MR. KIMBROUGH: I object. If this was the manner in which the interrogation was conducted, I now object to it—I move to exclude.

"THE COURT: Just a minute—let me think about this. On the ground that the Court is not satisfied that it was a completely voluntary—was completely voluntary, I sustain the objection.

"MR. KIMBROUGH: Thank you.

"MR. CLAY: Are you sustaining the objection to any statement he might have made, Judge?

"THE COURT: Yes, sir, if it was based on the fear of a phone call to his alleged employer, yes, sir, I am. Yes, I am.

"MR. CLAY: Judge, I believe his testimony was that he merely reached over for the telephone, and what else he said was a mental operation on his part. He didn't state, 'I told the man I was going to check with his employer.' He stated, 'I reached for the telephone as if I was going to call him.'

"MR. KIMBROUGH: I object to the statements by the prosecutor, and move for a mistrial.

"THE COURT: I'm going to rule this way, gentlemen—I'm not going to belabor it; it's a unique thing—and I'm going to rule that the confession is not completely voluntary; and I'm going to sustain the objection.

"MR. KIMBROUGH: If Your Honor please—

"THE COURT: The alleged statement—

"MR. KIMBROUGH:—I do not know of any confession; I am not apprised of any.

"THE COURT: I don't say the confession; I say the alleged statement.

"MR. KIMBROUGH: I would appreciate an instruction to the jury that—

"THE COURT: I have no idea what the statement was; and I don't know what it was. But on the ground that it is not shown to have been completely voluntary, I'm going to sustain the objection to it."

After careful consideration, we are of the opinion that the court's reference to the word "confession", while an apparent inadvertence, was not so prejudicial to the defendant's case as to be irremediable. The court took immediate action to explain that it was not apprised of the character of the alleged statement, but whatever it was, he was ruling that it was not shown to be completely voluntary, therefore, not admissible. It does not appear that it was injurious to the rights of the appellant. Rule 45, Revised Rules of the Supreme Court.

**740**

We have responded to the argument made by appellant in brief and in addition thereto, we have carefully considered the entire record in this cause.

 The written charges requested by the appellant and refused by the court were abstract or covered by the court's oral charge.

We find no error to reverse. This case is due to be and is hereby affirmed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.

CATES, P. J., and ALMON, TYSON, HARRIS, and DeCARLO, JJ., concur.