272 So.2d 914

**Henry ZIMMERMAN**

v.

**STATE.**

**3 Div. 184.**

Court of Criminal Appeals of Alabama.

Jan. 30, 1973.

Charles Carlton, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Montgomery County, Alabama, charged the appellant with the robbery of one Joseph G. Stewart. The Jury's verdict and judgment fixed punishment at life imprisonment in the penitentiary.

Dr. Joseph G. Stewart, as witness for the prosecution, testified that on April 6, 1972, at approximately 6:45 p. m., he observed the appellant and another person as he (Dr. Stewart) was walking from his office, located at 330 South Ripley Street, to a parking lot behind Ashurst Drug Store. Stewart stated that as the appellant and the person accompanying him approached the parking lot, they called to him, asking for a match. Stewart replied that he did not have one and kept walking toward his car. As he turned his back to get into his

car, Stewart stated that the two individuals came up behind him very quickly. Stewart turned around and the person with the appellant shoved him. Appellant took a knife from his pocket, stepped behind Stewart, put his hand over Stewart's eyes, and put the knife to his neck.

Stewart further testified that appellant did most of the talking while constantly jabbing him in the neck with the knife. Appellant kept repeating that he was going to kill Stewart. As appellant held Stewart, the other individual stood in front of him and asked for Stewart's money. He went through Stewart's pockets and found six dollars, which was taken. He then demanded the keys to Stewart's car and began searching it. Appellant and the other individual then shoved Stewart in his car, took a Timex watch from him, and slammed the door, threatening to kill Stewart's wife and children if he called the police. Both appellant and the other person then fled.

Stewart then testified that he called the police and that after filling out a report, drove with a city detective to the El Chico Club. There he positively identified the appellant and the other individual, out of a crowd of sixty or seventy people, as the two that had robbed him. Stewart also identified the knife found with the appellant as the one used in the robbery.

The appellant presented testimony of his mother, Bernice Jackson; and his sisters, Cynthia Jackson, eleven years old; and Ivie Zimmerman, fifteen years old.

The testimony of these three witnesses was substantially the same in that together it purported to establish an alibi on behalf of the appellant. The testimony was to the effect that appellant was at home with the witnesses at the time the robbery allegedly took place.

The appellant did not testify in his own behalf.

## I

The sufficiency of the evidence is here presented for review because of appellant's motion for a new trial, which was denied. See Young v. State, 283 Ala. 676, 220 So.2d 843, and cases cited.

The appellant contends that the verdict of the jury was contrary to the evidence in the case. We disagree.

This issue was raised in Chamberlain v. State, 48 Ala.App. 254, 263 So.2d 709, wherein this Court stated:

"The appellant raises three contentions concerning his trial. Where, as here, the appellant contends that he took no part whatever in the robbery and insists that he was not at the scene of the crime at the time of its commission, and offered testimony to support his alibi, such conflict in the evidence presents a jury question. McColston v. State, 20 Ala. App. 591, 104 So. 347.

"We are of the opinion that the evidence here is sufficient to sustain a conviction of robbery as against a defense of alibi. McColston v. State, supra; Dorch v. State, 40 Ala.App. 475, 115 So.2d 287."

## II

Appellant next contends that the refusal of requested charge No. 3 was reversible error. The charge reads as follows:

". . . If you find from all the evidence in the case that there is a probability of Defendant's innocence, you should acquit him."

We believe this charge was substantially and fairly covered in the court's oral charge or in charges given at the request of the appellant. Title 7, Section 273, Code of Alabama 1940; Young v. State, 283 Ala. 676, 220 So.2d 843.

We believe that a sufficient discussion of the legal principles of reasonable

doubt, presumption of innocence, and burden of proof is shown in the trial court's oral charge. The remaining refused charges were properly refused. Code, supra.

### III

■■ Finally, appellant argues that the sentence is excessive. There is no merit to this argument. The punishment to be fixed for robbery is, within statutory limits, the exclusive province of the jury. Wilson v. State, 268 Ala. 86, 105 So.2d 66. The trial court did not have, nor does this Court have, authority to modify the punishment. Wilson v. State, supra; Scott v. State, 247 Ala. 62, 22 So.2d 529.

We have carefully examined the entire record, as required by Title 15, Section 389, Code of Alabama 1940. We find no error therein, therefore, the judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.