297 So.2d 409

**Roosevelt RAYFORD**

v.

**STATE.**

**6 Div. 534.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

No brief for appellant.

William P. Gray, Jr., Special Asst. Atty. Gen., Tuscaloosa, for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was convicted of robbery and sentenced to ten years imprisonment.

The State offered testimony of the alleged victim of the robbery, upon which it relied mainly, and of two police officers. The testimony of the police officers was confined to identification of a briefcase, made an exhibit to the State's testimony, and to a complaint made of the robbery late in the night of May 7, 1972.

The appellant did not testify nor offer any evidence in his defense.

The court gave several written charges at the request of the appellant and four were refused. (Charges No. 7, 12, 13, and 18.) Those numbered 13 and 18 were affirmative and their refusal presents the question of the sufficiency of the evidence to support the verdict of guilty. See cases cited in Alabama Digest, Volume 7, Criminal Law, ☞1063(4).

The prosecution witness, Edward Winston Meade, arrived in Birmingham near midnight of May 7, 1972, on a Greyhound bus and went into the bus station. While there he drank coffee and had some conversation with appellant and another man. He went to the restroom and later changed seats in the bus station. Meade had some money in his wallet on his person and was carrying several thousand dollars in a briefcase, which he kept with him.

Appellant approached the witness and represented to him that he had a large sum of money, showing him some bills, and wanted him to look up the telephone number for Western Union, saying he, the appellant, could not read. The witness attempted to do so when the other man said the office was only a block or so away, and it would be better to walk. The witness was asked to go with them to Western Union but refused. At this juncture, appellant drew a knife and, with the other man, forced the witness to accompany them to a car parked just outside the bus station. After being forced into the car by the appellant, who had the knife drawn on the prosecuting witness, he was driven a short distance to a deserted location, where the appellant, while still holding the knife on him, took his money from the wallet and also took the briefcase. After taking the money from it, the appellant put the witness out of the car and threw the briefcase into the street. The driver of the car was the other person. The appellant had broken the lock on the briefcase to get the money. The State offered the briefcase with the broken lock into evidence.

Meade made his way back to the bus station and made a complaint to an employee, who called the police. Two officers responded to the call, interviewed the witness, and later identified the briefcase at the trial

■ Robbery is defined as the felonious taking of money, or goods of value, from

the person of another, or in his presence by violence to his person, or by putting him in fear. Williams v. State, 48 Ala. App. 737, 267 So.2d 526; Wilson v. State, 268 Ala. 86, 105 So.2d 66; See Alabama Digest, Volume 17, Robbery, ⚿1.

"The essential elements of robbery may be sub-divided as follows:

(a) Felonious intent;

(b) force, or (by) putting in fear, as a means of effectuating the intent;

(c) and, by that means, a taking and carrying away of the property of another from his person or in his presence." Williams v. State, supra.

█ In the instant case, we hold there was substantial evidence by the State to make out a case of robbery against the appellant, and there was no error in refusing written charges 13 and 18. The case was properly submitted to the jury.

█ Refused charges 7 and 12 were covered either by the very adequate and full oral charge or by one or more of the given charges. There was no error in this action of the court. Title 7, § 273, Code of Alabama 1940, Recompiled 1958.

We have examined the record for error as is our duty under Title 15, § 389, Code of Alabama 1940, Recompiled 1958. We find no error in the court's rulings on the admission of testimony or any other ruling of the court resulting in injury to the appellant.

The case is due to be affirmed.

The foregoing opinion was prepared by the Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.