325 So.2d 216
**Tommy Lee GROSS, alias**

v.

**STATE.**

**6 Div. 902.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1975.

Rehearing Denied Nov. 18, 1975.

P. Wayne Thorn, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David L. Weathers, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charged the appellant with the robbery of Alta Pearl Self by taking $325.00 from her person. The jury found the appellant guilty as charged and fixed punishment at fifteen years imprisonment. The trial court then sentenced the appellant in accordance with this verdict.

Mrs. Alta Pearl Self testified that she was sixty-two years of age and was employed at the Pic 'N Poke in the Robinwood section of Jefferson County as a clerk. She testified that on July 17, 1974, she was to work the shift from 6:00 in the morning until 4:00 in the afternoon, at which time she was to be relieved by someone else. She testified that out in front of the store were some gasoline pumps, and that inside the store were soft drink machines, a candy counter, and an ice cream bar. She testified that shortly before 3:00 in the afternoon, she saw two black males come into the store. She stated that one of them had a beard and a little goatee, and that he asked for some ice cream, then paid fifteen cents for it. She testified that the two men were driving a "1960 old blue Chevrolet," and because they had lingered at the gasoline pumps without buying gas, she wrote down the tag number. She stated it was a Walker County tag, No. 64–

19538. She testified that they drove away, but about five or ten minutes later they returned with a third man and bought thirty-eight cents worth of gasoline. She testified that the appellant, Tommy Lee Gross came into the store, accompanied on this occasion by Hayes Joseph Tooson. She testified that the two men went back to a rack where the cookies and cakes were kept, that a little girl came into the store, bought some cookies, and as she left the store, Tooson approached her, stuck a gun in her face and stated, "This is a stick-up, give me the money." She testified that while Tooson held the pistol on her, the appellant went to the cash register, reached in, and took all the money. She said that when she checked up that night she was approximately $350.00 short. She testified that as soon as the two men left she telephoned the owner of the store, Mr. C. L. Crane, who came down about 4:00 in the afternoon, and they notified the police right away.

On cross-examination, she testified that she looked at photographs of several men which were brought to her by police officers, that she immediately recognized the appellant and Tooson, that this was on Wednesday, July 17, 1974, and the next Tuesday, she immediately recognized the appellant at a police lineup at the Tarrant City Jail.

The State presented the testimony of one Steve Hill, who testified that he formerly lived in Walker County, Alabama, but had moved to Birmingham in the spring of 1974, and lived at 3820 Thirty-Fifth Avenue, North, in Jefferson County. He testified that between 2:00 and 3:00 in the afternoon, he was driving in the Robinwood section, near Airport Hills, in Jefferson County, when he stopped and picked up three black males who were hitch-hikers. He testified that he was driving his 1960 blue Chevrolet, and that it had a Walker County license tag, No. 64–19538. He testified that a few minutes later the three men put a pistol on him and told him to get into the trunk of the car. He stated

that he was in the trunk of the car until about 8:00 that night when the men stopped the car, told him they were leaving the car unlocked, but for him to stay in the trunk until dark. He testified that he got out of the trunk about 8:00 that night and walked to a place where he could telephone the police. He testified that he was in the Zion City section, near Inglenook, in Jefferson County, Alabama. He testified that he was unable to identify any of the three men that he had picked up, but that he could hear them talking, that he heard the car stop two or three times while he was in the trunk, and that he heard some discussion about money.

The appellant's motion to exclude the State's evidence was overruled.

The appellant, Tommy Lee Gross, took the stand and testified that he had one prior burglary and grand larceny conviction for which he had received one year's probation. He testified that he had been at work on July 17, 1974, but that he had misplaced the slip to prove that he had been working for a construction company on July 17, 1974. He stated that he had sent this pay slip to his mother and it had been misplaced. He testified that he had ridden with one James Hooper to Livingston, Alabama, about that time in order that Hooper might take his son to visit relatives. He denied having any connection with Hayes Joseph Tooson other than knowing who he was, and that they lived in different parts of town.

I

Mr. Justice Harwood, then Harwood, P. J., of the former Court of Appeals, in *Tunstill v. State,* 33 Ala.App. 460, 34 So.2d 857, cert. denied 250 Ala. 421, 34 So.2d 859, observed:

". . . *Thomas v. State,* 91 Ala. 34, 9 So. 81, 82, contains an excellent discussion by Justice McClellan of the offense of robbery. Therein he defines robbery to be 'a felonious taking of goods from the person of another, or in his presence,

against his will, by violence, or putting him in fear. And this violence must precede or accompany the stealing.' In *Hardis v. State*, 28 Ala.App. 524, 189 So. 216, 217, in discussing the offense of robbery Judge Samford wrote: 'As defined by our decisions, robbery is an offense against both person and property, and is briefly defined as the felonious taking of money or goods of value from the person of another, or in his presence, by violence or by putting him in fear. *Parks v. State*, 21 Ala.App. 177, 106 So. 218.' "

We are of the opinion that the State here presented a prima facie case of robbery, which, when tested by the appellant's motion to exclude, was properly submitted to the trial jury. *Lambert v. State*, 48 Ala.App. 600, 266 So.2d 812; *Moore v. State*, 48 Ala.App. 719, 267 So.2d 509; *Clay v. State*, 52 Ala.App. 272, 291 So.2d 364.

## II

A conflict in the testimony between the appellant's alibi and that of the State presented a question for the jury. *Mc-Colston v. State*, 20 Ala.App. 591, 104 So. 347; *Williams v. State*, 48 Ala.App. 737, 267 So.2d 526; *Zimmerman v. State*, 49 Ala.App. 442, 272 So.2d 914, and cases cited therein.

The trial court properly overruled the appellant's motions.

We have carefully examined this record and find no error therein. The judgment of the trial court is due to be and the same is hereby

Affirmed.

All the Judges concur.