TYSON, Judge.
The indictment charged J. C. Adams with the robbery of Howard Gaskins by taking currency and other valuables from his person. The jury’s verdict found the appellant, “guilty as charged,” and fixed punishment at fifteen years imprisonment. The trial court entered judgment in accordance with this verdict.
Linda Marks testified that on November 24, 1974, she was employed by Dr. Howard Gaskins, the pharmacist who owned Eagle Drug Store in Prichard, Alabama. She testified that about 8:30 P.M., two black men came in. She testified no customers were present at the time. From the record:
“Q Could you tell this jury what, if anything, happened at that time?
“A Yes; these two guys came into the drug store and it was a tall guy and a *89 short guy and the tallest guy, he started unzipping his pants and he took this rifle out of his pants or a shotgun or something and he gave it to this other guy and he ran and held the gun on Dr. Gaskins and told the rest of us to go in the back.
“Q Okay; let me ask you this, was the store locked at that time?
“A Yes; it was.
“Q All right; were the people that came in there and robbed you all, were they disguised in any way?
“A No; they weren’t.
“Q Now, you said there were two of them?
“A Yes.
“Q And one of them gave the gun to the other one, is that right?
“A Yes.
“Q Now, I want you to look around this Courtroom and see if you see either one of the ones involved in this?
“A Yes; there he is.
“MR. HUGHES: Let the record reflect that she has identified the defendant.
“THE COURT: The record will so reflect.
“MR. HUGHES: Now, what part did Mr. Adams play in this?
“A He held the gun and he told us to get in the back.
“Q Okay; did he point the gun at you?
“A Yes; he did.
“Q Now, do you know what kind of a gun it was?
“A It was a sawed-off gun.”
The appellant then directed Miss Marks, Dr. Gaskins and the third employee to the back of the store, and they left after taking Dr. Gaskins’ wallet and a pistol.
Howard Gaskins testified he owned Eagle Drug Store located at First Avenue and Highway 45 in Prichard. He testified that on November 24, 1974, he was on duty and had two employees, Linda Marks and Monica Strother, working for him at the store. He testified about 8:30 that evening the appellant and a taller companion came into the store, pointed a gun at him and took $90.00 in cash from him. He testified that the appellant and his companion also took a pistol, his wallet and his watch. He testified he immediately telephoned the police and reported the robbery and gave the police the name of one of the robbers who was positively identified in court as the appellant J. C. Adams. On cross-examination, Dr. Gaskins testified the appellant had some fuzz or beard on his face and was wearing a black leather jacket.
Monica Strother testified she was employed by Dr. Howard Gaskins at the Eagle Drug Store on St. Stephens Road in Prich-ard, Alabama, on November 24, 1974. She stated that about 8:30 that evening, she was employed as cashier when the appellant walked in with a taller companion and that the taller man came in with a “sawed-off gun” and handed the gun to appellant. She testified the appellant, whom she positively identified in court, pointed the gun at them and took the proceeds from the cash register. She stated she recognized the appellant as he was a cousin of her aunt, and she had known who he was for several years. She stated she gave the appellant’s name to the investigating police officers. She testified the appellant had a mustache on the night in question. On cross-examination she stated she saw the taller man pull the gun from his pants and hand it to the appellant and then the appellant told all three persons to “get in the back.”
The State and the defense stipulated that Officer Meyers’ testimony would be that upon receiving the complaint from Dr. Gas-kins, he went out and arrested appellant J. C. Adams.
Linda Mae Adams testified she lived at 1723 Victor Avenue, Prichard, Alabama. She stated that on November 24, 1974, her son, J. C. Adams, lived with her and that he was twenty-four years old. She testified he was a brick mason, but that on the night of Sunday, November 24, 1974, he was at home with her, her niece and two daughters playing cards and that he did not go out that evening. She did state that the appellant was wearing a mustache at that time. *90 She identified her niece as Virginia Small-wood and her daughter as being Bonnie Mae Anderson and that both of them were at her home that evening.
Bonnie Mae Anderson testified she was the sister of J. C. Adams. She stated on November 24, 1974, she had gone over to her mother’s house shortly before 7 o’clock and had been there with her cousin, Virginia Smallwood, her sister and her mother playing cards. She testified the appellant was there during that time and that she did not see him leave the house. On cross-examination, she testified she lived right around the corner from Eagle Drug Store and that she had gone over to Ransome’s Cafe around 8 o’clock that evening.
Virginia Smallwood testified she was a first cousin of the appellant. She testified that on the night of November 24,1974, she had been at the Adams’ home playing cards, having gone over about 7 o’clock in the evening. She testified that appellant was playing with her and Bonnie Mae and his younger sister. She did testify that about 8 o’clock they walked over to Ransome’s Cafe, but the appellant did not leave the house.
Appellant J. C. Adams testified that he was arrested on a Wednesday following a neighborhood drug store robbery on Sunday evening. He testified that he did not go to the Eagle Drug Store that Sunday as he had been playing cards at his mother’s home and that other than going by Ran-some’s Cafe, he had not been out that evening. He denied going in the drug store with a sawed-off gun and taking a wallet, $90.00 and a pistol from Dr. Gaskins. He stated that he had “seen Monica Strother around,” but did not really know her.
I
It is clear from the evidence presented that the appellant was positively identified in court by three State witnesses. The nature of his defense is that of alibi. The issue thus presented by this record is whether or not the evidence is sufficient to sustain the verdict of guilty. After careful consideration, we are of the opinion that the trial court correctly overruled the appellant’s motion to exclude. Williams v. State, 48 Ala.App. 737, 267 So.2d 526; Clay v. State, 52 Ala.App. 272, 291 So.2d 364, and authorities cited therein.
The conflict in the testimony presented a question for the jury. Zimmerman v. State, 49 Ala.App. 442, 272 So.2d 914.
II
The appellant next contends the trial court should have given his requested instructions on lesser included offenses such as grand larceny or assault. Where as here the evidence, if believed, would not support a conviction for larceny on one hand or assault and battery on the other, such written requested charges were properly refused. Kelly v. State, 235 Ala. 5, 176 So. 807; Chamberlain v. State, 48 Ala.App. 254, 263 So.2d 709; Browder v. State, 54 Ala.App. 369, 308 So.2d 729, cert. denied 293 Ala. 746, 308 So.2d 735.
We have carefully examined this record as required by law and find no error therein. The judgment of the trial court is due to be and the same is hereby
AFFIRMED.
HARRIS, DeCARLO, BOOKOUT, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.
CATES, P. J., not sitting.