TYSON, Judge.
The appellant was indicted by the grand jury for the robbery of Granger’s Seafood. The jury returned a verdict of guilty as charged and fixed punishment at fifteen years imprisonment. The trial court then set sentence accordingly. The appellant’s motion for new trial, challenging the weight and sufficiency of the evidence, was overruled.
John Granger testified that he owned and operated the establishment known as Gran-ger’s Seafood at Gordon in Houston County where he resided. On the afternoon of January 11, 1977, the appellant came to Granger’s Seafood where he and Granger drank a “couple of beers” together (R. p. 7). Granger stated that he had known the appellant prior to that date by reason of mutual employment at the Nuclear Plant in Columbia, Alabama. The two men decided to drive to Georgia to buy some liquor. In fact, Granger testified that they did not buy any liquor while they were in Georgia. Upon returning to Granger’s Seafood, Granger testified that he went back into the kitchen to prepare a plate of food for the appellant. Granger then served the appellant and went back into the kitchen to get a plate for himself. When he came out of the kitchen the second time, Granger stated that the appellant met him with a pistol “with it cocked and in my face” (R. pp. 7-8). Granger related that he recognized the pistol as his own, the same one customarily kept in a holster near the cash register.
*332 According to Granger’s testimony, the appellant then told him to give the appellant the money belonging to Granger and to unlock the cash register (R. p. 9). Granger further testified that the appellant said he was “going to have to kill” Granger. The appellant then threw his plate of food into the fireplace. At this point Granger was begging for his life as he removed $45.00 in cash from his pocket and placed it on the table! Granger testified that the appellant took the money and then proceeded to look in the cash register which contained some watches and small change (R. p. 9). Gran-ger related that the appellant took one of the watches from the cash register, then turned to walk from behind the counter. When the appellant turned his back, Gran-ger reached for a twenty-two caliber automatic rifle which was standing undetected near him. As he grasped the rifle, Granger jumped behind a large supporting post in the center of the building, wherehpon the appellant opened fire from across the room. After having fired six rounds, which struck various objects in the room, the appellant’s weapon was empty (R. p. 10). Granger, having counted the rounds, then came from behind the post and shot a bottle over the head of the appellant. Granger testified that, he then told the appellant to throw out his gun. In response, the appellant threw the gun on the floor with the hammer cocked, together with $25.00 of the $45.00 he had taken, and the watch. Granger further instructed the appellant to put his hands over his head and walk outside. The appellant walked outside, got into his car, and drove away. Granger then called the police.
The State introduced four exhibits into evidence, a Right Guard can, a bottle cap, and a holster, objects which were struck by the appellant’s gunfire. State’s exhibit four was a photograph of the pistol used by the appellant as it was found by the police on the floor with the hammer cocked and six empty shell cases inside. In further testimony put on by the State, Investigator Hunter and Chief of Police Roney identified State’s exhibits one, two, and three. They also testified as to the reasonable and accurate portrayal in State’s exhibit four of the scene on the floor where the gun was lying. Chief Roney arrived at Granger’s Seafood at 6:00 p. m., and Investigator Hunter at 6:40 p. m. Both Chief Roney and Investigator Hunter testified to the discovery of bullet holes in the wall and counter at Granger’s Seafood.
Officer Joe Pitts was called as the first witness for the defense. His testimony established that sometime in February at preliminary hearing he overheard a conversation between Mr. Granger and an investigator relating to the robbery. Officer Pitts went to his office and brought back five photographs for Granger’s examination. Officer Pitts indicated that Mr. Granger identified one of the five photographs as the man who robbed him. The subject in the photograph was the appellant, Martin William Downing, but gave a different name.
The defense called Woody Welch, whose testimony on direct examination sought to impeach the credibility of Granger as a witness. Welch indicated that he and James Martin visited Granger a day or two after the incident in question had taken place. His testimony indicated that Gran-ger did not know who robbed him. He further testified that Granger’s reputation for truth and veracity in the community was “bad, real bad” (R. p. 47). The State’s cross-examination of Welch brought out that he and his wife had been convicted in 1972 of assault and battery against Mr. Granger, and he had received a six-month sentence, together with a $100.00 fine (R. pp. 49-50).
The next witness for the defense was James Martin who employed Woody Welch on a farm nearby Granger’s Seafood. It was brought out on direct examination that Martin was currently under indictment for burglary and grand larceny of a television set belonging to Granger (R. pp. 52-53). Martin testified that, when he and Welch visited Granger shortly after January 11, 1977, Granger showed him the bullet holes in his store and in his holster which he was wearing on his left side. The holster was *333 one of the objects struck by appellant’s gunfire. The rest of his testimony on direct was substantially the same as that of Welch.
In the cross-examination of Martin the State brought out that Martin was currently an inmate of the Houston County Jail where he met the appellant and discussed the case at bar (R. pp. 56-57).
The appellant admitted he had a prior conviction in 1973 for buying, receiving, or concealing, stolen property, which resulted in a two-year sentence with four years probation (R. pp. 58-59). The appellant then testified that he had known Mr. Granger for about five or six years. The testimonies of the appellant and of Mr. Granger were substantially in agreement until their alleged return from Georgia. The appellant stated that Granger went into the Kitchen to prepare some food for the appellant, which he did not eat. The appellant stated that Mr. Granger wanted to go back to Georgia and that his refusal angered Gran-ger who then asked him to leave. The appellant related that he left Granger’s Seafood at this point and went home. He recalled being drunk at the time. The next day the appellant went to Mobile to look for employment and stayed there where he was ultimately arrested on February 11, 1977. The appellant denied the testimony of Mr. Granger relating to the robbery and the shooting.
I
On cross-examination of the appellant, inquiry was made concerning a conviction for robbery in Bay Minette on July 7, 1969, which the appellant denied (R. p. 65). Appellant maintained that he had one ticket in the nine years he was working in the Bay Minette area. The district attorney then continued the questioning as follows (R. p. 66):
“BY MR. SORRELLS:
“Q. Weren’t you arrested in Bay Mi-nette?
“MR. ROBINSON: Objection, Your Hon- or.
“THE COURT: I have already ruled on that.
“Overruled.
“BY MR. SORRELLS:
“Q. Isn’t that you right there? And weren’t you arrested for robbery in Bay Minette on July 7, 1969?
“A. No, I was not.
“Q. And you are Martin Downing, is that correct?
“A. Martin William Downing.
“Q. Now you are saying you just happened to go to Mobile right after this thing happened, is that right?
“A. Right, because there wasn’t any work.
“Q. Because there wasn’t any work around here? But you left the very next day after this happened, is that right?
“A. Yes, sir.
“Q. Wasn’t any gunshots or anything else over there at Mr. Granger’s place?
“A. Not when I was there.”
The appellant asserts the above examination constituted reversible error since the questioning related to an alleged arrest of the appellant rather than a conviction of the appellant, and he cites us to Headley v. State, 51 Ala.App. 148, 283 So.2d 458, and authorities therein cited; and Title 7, Sections 434-435, Code of Alabama 1940, as recompiled 1958.
In examining the colloquy above quoted, the State had first laid a predicate by inquiring if the appellant had been convicted of robbery on July 7, 1969, in Bay Minette, which had been denied by the appellant (R. p. 65). The colloquy above quoted then follows. As may be seen the appellant replied in the negative, and such negative answer may not be made the basis of reversal. See Higginbotham v. State, Ala.Cr.App., 346 So.2d 525, and authorities therein cited.
II
Appellant at the close of the evidence moved for a directed verdict, and in his motion for a new trial challenged the weight and sufficiency of the State’s evi *334 dence, asserting that the State did not establish a prima facie case of robbery.
This Court, per Harwood, J., in Tunstill v. State, 33 Ala.App. 460, 34 So.2d 857, cert. denied 250 Ala. 421, 34 So.2d 859, observed:
“. . . Thomas v. State, 91 Ala. 34, 9 So. 81, 82, contains an excellent discussion by Justice McClellan of the offense of robbery. Therein he defines robbery to be ‘a felonious taking of goods from the person of another, or in his presence, against his will, by violence, or putting him in fear. And this violence must precede or accompany the stealing.’ In Hardis v. State, 28 Ala.App. 524, 189 So. 216, 217, in discussing the offense of robbery Judge Samford wrote: ‘As defined by our decisions, robbery is an offense against both person and property, and is briefly defined as the felonious taking of money or goods of value from the person of another, or in his presence, by violence or by putting him in fear. Parks v. State, 21 Ala.App. 177, 106 So. 218.’”
The issue thus presented by this record is whether or not the evidence is sufficient to sustain the verdict and judgment. After careful consideration, we are of the opinion that the trial court ruled correctly on appellant’s motions. Williams v. State, 48 Ala.App. 737, 267 So.2d 526; Zimmerman v. State, 49 Ala.App. 442, 272 So.2d 914; Clay v. State, 52 Ala.App. 272, 291 So.2d 364.
The conflict in the testimony between the appellant’s alibi and that of the State presents' a question for the jury. McColston v. State, 20 Ala.App. 591, 104 So. 347; Zimmerman v. State, 49 Ala.App. 442, 272 So.2d 914, and cases cited therein.
After careful examination of this record, we find same to be free from error. The judgment is
AFFIRMED.
All the Judges concur.