96 So.2d 303

John TURNER

v.

STATE of Alabama.

5 Div. 642.

Supreme Court of Alabama.

June 20, 1957.

———◇———

W. C. Hines, La Fayette, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

PER CURIAM.

This is an appeal by defendant from a judgment of conviction of burglary in the first degree, and his punishment fixed at twenty-five years imprisonment in the penitentiary. The indictment was returned on the 8th day of September 1955. It contained two counts. One for burglary in the first degree, and the other undertook to charge grand larceny but was defective and eliminated on defendant's plea in abatement.

On September 13, 1955 defendant was duly arraigned and pleaded not guilty, having been represented by counsel. The court set the trial down for September 19, 1955, and ordered a special venire as required by law, and directed that a copy of the indictment be served on defendant as the law requires. The venire was drawn and on September 19, 1955 defendant and his counsel appeared and objected to trial on the ground that the copy of the indictment which had been served on defendant contained an error and was not a true copy. The court thereupon reset the trial for September 22, 1955, and ordered a true copy of the indictment served on defendant. This was done accordingly and a correct copy served on defendant for one entire day prior to the trial. Section 63, Title 30, Code of 1940. On September 22, 1955 defendant objected to a trial because the court did not again arraign him after resetting the trial. This was unnecessary. Howard v. State, 165 Ala. 18, 50 So. 954; Davis v. State, 259 Ala. 212 (217), 66 So. 2d 714. The court properly overruled the objection.

The trial was then duly and regularly had with a jury of good and lawful men, resulting in a verdict of conviction of burglary in the first degree which fixed his punishment at twenty-five years service in the penitentiary. There was a judgment of conviction in due form except that it adjudged defendant guilty of *robbery* in the first degree. From that judgment defendant duly appealed to this court. Since that appeal was taken, the State, with this court's permission, filed a motion in the circuit court to amend the judgment nunc pro tunc so as to correct and make the judgment of conviction conform to the verdict of guilty of burglary instead of robbery. That motion was duly heard by the circuit court and was granted and the judgment corrected. All of that proceeding has been duly certified to this court. That was the proper procedure (Bailey v. State, 253 Ala. 553,

45 So.2d 785; Lewis v. State, 10 Ala.App. 31, 64 So. 537), and the statutory requirements appear to have been observed. Sections 566, 567, Title 7, Code of 1940. In that respect there is no reversible error apparent.

The trial, as shown by the record, was regular in all respects and according to law. There was ample evidence of the commission of the crime by someone and it was sufficient for the jury to find that defendant was the guilty party.

At the close of the evidence for the State the defendant moved the court to exclude all of the state's evidence and discharge defendant, and then observed: "I will give you some grounds for it if you want them". There was apparently a discussion which is not set out in the record. The court then overruled the motion and defendant excepted. While the trial court will not be put in error for overruling such motion without setting out the grounds on which the motion is based (Carroll v. State, 36 Ala.App. 59, 52 So.2d 171; Sullivan v. State, 38 Ala.App. 340, 83 So.2d 259), as we have stated, the evidence was sufficient to base a finding by the jury that the crime was committed by defendant. There was no error in overruling the motion. The defendant then proceeded to introduce testimony all in regular order.

The trial was conducted throughout in a most orderly manner, extending to defendant all his rights and privileges. Such objections to questions and evidence as defendant made were either sustained or were clearly of no avail and were properly overruled. The oral charge was clear and complete with no objection or exception to any feature of it.

There is in the record following the oral charge a heading: "Written charges requested by defendant before the jury retired and refused". Four charges are then set out and numbered one to four, inclusive. But the record does not show that the judge marked them "refused" and signed his name on them. This is required by section 273, Title 7, Code of 1940, to cause them to become a part of the record and subject to review. So that we cannot review these charges on this appeal. Berry v. State 231 Ala. 437, 165 So. 97. However, we find that if they had been duly acted on and marked by the judge they were refused without error.

We have read carefully the entire record and duly considered every ruling as required of us in such cases, though there is no brief for appellant and of course no assignments of error. Section 389, Title 15, Code of 1940.

The judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

All the Justices concur, except STAKELY, J., not sitting.