132 So.2d 757

**J. C. BEARDEN, as Adm'r.**

v.

**LOUISVILLE & NASHVILLE RAILROAD CO. et al.**

**7 Div. 511.**

Supreme Court of Alabama.

June 29, 1961.

Rehearing Denied Sept. 21, 1961.

Riddle & Smith and Philip H. Smith, Talladega, for appellant.

Dixon, Wooten & Boyett, Talladega, for appellees.

STAKELY, Justice.

This is an action under the Alabama Wrongful Death Act, Code 1940, Tit. 7, § 123, brought by J. C. Bearden (appellant), as Administrator of the Estate of Box Bearden, deceased, against the Louisville & Nashville Railroad Company and A. R. Murphree (appellees). Initially a defendant but later stricken as a party was J. P. Hilton.

A good many counts in the complaint were filed in the trial court, but the case was submitted to the jury only on a count charging subsequent negligence: that "after discovering the peril of the plaintiff's intestate, Box Bearden, said A. R. Murphree negligently caused or allowed said train to run over or against plaintiff's intestate, Box Bearden * * *"

After the oral charge, the trial court gave numerous written charges requested by the

:appellees. The jury returned a verdict in favor of the defendants (appellees). A motion for a new trial was overruled and this appeal followed.

There are thirty-one assignments of error. Those assignments of error which have been argued before this court relate entirely to the above-mentioned written charges that were given on appellees' request. We cannot, however, consider the written charges which we have mentioned because the record does not present them in accordance with statutory requirements. The record shows that the oral charge of the court contains the following:

> "Gentlemen, at the request of the defendants in this case I am going to give you certain written requested charges that state correct propositions of law. They are not in conflict with my oral charge, but are to be taken along with it as constituting and stating the law of the case."

Thereafter the court read to the jury certain written charges which are the basis of the assignments of error but the record does not show that the court, in accordance with § 273, Title 7, Code of 1940, marked them "given" and signed his name on them. Under § 273 in the absence of the foregoing endorsement required by the statute, the charges are not a part of the record and cannot be considered by this court. Turner v. State, 266 Ala. 250, 96 So.2d 303; Strickland v. State, 269 Ala. 573, 114 So.2d 407; Thomas v. State, Ala.App., 122 So.2d 731, certiorari denied 271 Ala. 700, 122 So.2d 736; Kiker v. State, 233 Ala. 448, 172 So. 290; Porter v. State, 234 Ala. 11, 174 So. 311.

We conclude that the judgment of the lower court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.