283 So.2d 632

Joseph W. HOLLIS

v.

STATE.

8 Div. 366.

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

Rehearing Denied Sept. 25, 1973.

James Francis, Decatur, for appellant.

William J. Baxley, Montgomery, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., Birmingham, for the State.

CATES, Presiding Judge.

Embezzlement: sentence, three years imprisonment.

I

Hollis was assistant store manager of OK Tire and Rubber Company, Inc., in Decatur. The grand jury accused him of converting four automobile and two truck tires of the corporation of the value of $165.00.

The State called Joe Thomas, who owned a body shop in Decatur, Alabama. He testified that the appellant had offered to trade him four automobile tires and four truck tires in return for painting appellant's automobile. Mr. Thomas testified that he painted appellant's car, and received four automobile tires and two truck tires in return. The witness stated that he never saw any paperwork completed on the transaction. It is inferable that Hollis did not give Thomas a bill of sale for the tires.

The State introduced testimony of other witnesses who claimed to have traded the appellant various goods in exchange for tires. This testimony, if believed to the required degree, established a pattern or scheme of unlawful conduct by the appellant.

One witness, James Burgess, testified that he had traded the appellant approximately seventy pork shoulders in exchange for nineteen tires and a set of shock absorbers.

Earl Vaughn, employed in the floor covering business in Hartselle, Alabama, testified that he had received sixteen tires and six shock absorbers in return for inlaid lin-

oleum received by the appellant, and carpet and inlaid linoleum received by the appellant's superiors.

W. L. Woodard, who was employed by Moore-Handley in Decatur, testified that the appellant had attempted to trade him tires for merchandise on three occasions, and that one of his employees had traded the appellant lumber for tires.

All of the above witnesses testified that they knew of no paperwork made out by the appellant for the tires he traded for merchandise.

Jerry Greenhaw, service manager of the tire store, testified that it was customary to make out a work order when tires were sold, but no work order was filled out for the tires received by Joe Thomas, James Burgess, or Earl Vaughn. Mr. Greenhaw testified that the appellant had let people have tires on at least fifteen occasions without filling out the necessary paperwork.

In addition to the above testimony, two admissions made by the appellant were admitted into evidence.

The defense called James T. Thrasher, manager for the Decatur store during the time the alleged embezzlement occurred. Mr. Thrasher testified that Mr. Jack Holland, district manager, had authorized appellant to trade tires for merchandise. This witness stated that he did not know about the transaction in which appellant traded six tires for a paint job on his car, i. e., with Thomas.

## II

■ The elements of the statutory crime of embezzlement are set out in Hart v. State, 41 Ala.App. 221, 127 So.2d 390. There must be actual and lawful possession or custody of property of another by virtue of some trust, duty, agency, or employment of the accused, and while so lawfully in possession, property must be unlawfully and fraudulently converted to the use of the person in possession and custody thereof, or to the use of another. Code 1940, T. 14, § 126.

In his position as assistant manager, the appellant had lawful possession of the property in question. One of his superiors testified, in part:

"Q. When you first came back here and the defendant was working down there as assistant manager, did he have custody and control and possession of the tires down there?

"A. Well, he certainly had access to them to sell and pull out and inventory or anything he saw fit to do.

"Q. He handled the money at the store and merchandise and tires and everything sold down at the store?

"A. Yes, sir."

Mr. Joe Thomas testified that the appellant had traded him four automobile tires and two truck tires in return for painting appellant's car. Mr. Greenhaw, an employee of OK Tire, testified that no paperwork or work order was made out for the tires given to Mr. Thomas. Mr. Greenhaw further testified that it was customary procedure for such paperwork to be made out on the sale of tires.

In an attempt to establish a pattern of unlawful conduct by the appellant, the State introduced testimony of other witnesses who claimed to have traded the appellant merchandise in return for tires on other occasions.

Further evidence introduced by the State consisted of two admissions made by the appellant. In one admission the appellant stated that he should make restitution to OK Tire in the sum of $130.00. In both admissions, the appellant stated that Mr. Jack Holland, district manager for OK Tire, had authorized him to trade tires for merchandise, and appellant stated that he did not know if the tires were ever paid for. The implications of these admissions is that the tires traded were the property of OK Tire, and not the property of the appellant.

In Benefield v. State, 286 Ala. 722, 246 So.2d 483, the court in commenting on the

degree of evidence necessary to establish a case stated:

"In order to justify the submission of the case to the jury, it is necessary that there should be proof of at least some act from which the jury can infer that the offense was committed." 286 Ala. at 724, 246 So.2d at 484.

The matter of proof in an embezzlement is generally difficult to establish. As was stated in Esdale v. State 37 Ala.App. 48, 68 So.2d 512:

" 'In embezzlement generally, * * * the very confidence and trust reposed furnish the most potent means for its accomplishment and effectual concealment, so that guilt can generally be established only by reasonable inferences drawn from the general course of conduct of such officer, agent, clerk, or servant, with respect to the subject-matter of his trust, and from all the facts and circumstances surrounding his acts, which tend to throw light upon or illustrate their nature. Ker v. People, 110 Ill. 627 * * *.' Reeves v. State, 95 Ala. 31, 11 So. 158, 163." 37 Ala.App. at 54-55, 68 So.2d at 517.

And in Reeves v. State, supra:

"Fraud is rarely susceptible, in any case, of direct, positive proof, for the reason that its ways are dark and sinuous, and its tracks carefully concealed." 95 Ala. at 43, 11 So.2d at 163.

■ It appears that the State presented evidence as to each element of the crime. Therefore, the trial court in overruling appellant's motion for new trial did so correctly.

### III

The appellant claims in brief that the trial judge refused two of his written tendered charges. However, the circuit clerk has not included any written requested charges in the record.

The court reporter's transcript contains two charges under a rubric entitled, "Refused Charges". R. 185. These putative instructions do not bear any endorsement of the trial judge.

■ For the omission of any certification by the clerk—as distinguished from the court reporter—the charges cannot be considered. Further, the absence of an endorsement by the judge as to his giving or refusing them, if he in fact ever received them, prevents our consideration of the merits of the purported instructions.

Code 1940, T. 7, § 273, requires "the judge to write 'given' or 'refused,' as the case may be * * * and sign his name thereto; which thereby becomes a part of the record." The absence of such an endorsement is as fatal to the validity of a purported charge as is the lack of a ticket agent's stamp on a railroad ticket.

The written charges in the record before us have only a general caption without any legend to show that the judge himself did or did not approve them. Cook v. State, 43 Ala.App. 304, 189 So.2d 595; Strickland v. State, 269 Ala. 573, 114 So.2d 407 (hn. 11); Bearden v. Louisville & N. R. R. Co., 272 Ala. 568, 132 So.2d 757.

We have reviewed the entire record under Code 1940, T. 15, § 389 and consider that the judgment below is due to be

Affirmed.

All the Judges concur.