287 So.2d 886

**Earnest JONES et al.**

v.

**STATE.**

**7 Div. 229.**

Court of Criminal Appeals of Alabama.

Jan. 2, 1974.

Anthony M. Falletta, Birmingham, for appellants Jackson and Howard.

No brief for Jones.

William J. Baxley, Atty. Gen., Montgomery, and Samuel L. Adams, Dothan, Sp. Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellants were each indicted for grand larceny and on arraignment, plead not guilty and motion was made by each for consolidation of the cases for trial. The motion was granted by the court. The trial resulted in the conviction of each as charged. Punishment was fixed by the court at six years imprisonment in the penitentiary for each. The three appellants have perfected this appeal.

Each appellant moved that the evidence offered by the State be excluded because it failed to establish the corpus delicti and each motion was overruled by the court.

The appellants did not testify nor offer any witnesses in their behalf.

On the night of July 21, 1972, J. B. Price and his wife were operating a serv-ice station, owned jointly by them in Talladega. At about 8 o'clock a gray Oldsmobile occupied by three people was driven into the station and the driver, appellant Wilbert Jackson, got out of the car and asked Mrs. Price that the oil be checked, the other two passengers remaining in the car. She told him her husband, who at the time was busy with another customer, would wait on him shortly. She did not notice or pay attention to the other two, but later identified Jackson as the driver. She and her husband continued with their service to customers for some five or more minutes when J. B. Price looked up from the car he was servicing and noticed two men coming out a building where beer and groceries were sold in connection with the business. He later identified the two as the appellants, Jones and Howard. They got back in the car which was immediately driven out of the station, scrubbing against the concrete pump island and an oil rack as it left, and headed north toward Lincoln. An immediate check of the inside of the store building revealed an open cash register with all of the paper money missing and nineteen silver Eisenhower dollars missing from a purse kept by Mrs. Price under the cash register.

The Talladega police were notified and a description of the car and passengers broadcast to law enforcement agencies. State trooper sergeant Dave H. Dothard heard the broadcast and shortly thereafter saw, chased, and stopped a car with three passengers fitting the description. Just before the car stopped he observed a paper sack come from the right side of the car, which he retrieved and found nineteen silver Eisenhower dollars in it. Two other troopers, answering his call for assistance, soon appeared and all three passengers were searched and taken back to Talladega to police headquarters. One hundred and seventeen dollars in greenbacks were found in the pockets of appellant Jones and twenty-seven dollars in the pockets of Howard, but only small change on appellant Jackson. The three were arrested and charged with grand larceny.

Captain William J. May of the Talladega police force first investigated the report of the larceny at the service station and substantiated the testimony of the owners as to the empty cash register (except as to some silver coins) and found scuffed places on the corner of the concrete pump island and scratched paint on the oil rack. He also took photographs of the rear wheel and fender of the car showing marks on the tire and fender and also photographed the appellants that night. The paper money and silver dollars, all currency of the United States, were turned over to him and later given to one of the owners, Mr. Price, who gave his receipt therefor.

Appellant Jackson was identified as the driver of the car by Mrs. Price and Sergeant Dothard; the appellants Howard and Jones were identified by Mr. Price as the two he saw come from the store, immediately before leaving the station and the discovery of the money missing, and by Sergeant Dothard as being in the car and having the money found on them when searched.

Appellants insist in brief that the evidence offered by the State is not sufficient to establish the corpus delicti as to the crime charged in each case and therefore that the motion to exclude the evidence should have been granted. This appears to be their main reliance for reversal and in support of this contention certain well-establish legal principles are called to the attention of this court. With these principles we are in full agreement but we disagree as to their applicability to the testimony developed in the case at bar.

■ We think the evidence rises above a mere suspicion, surmise, or conjecture and that it affords a basis upon which the jury could find that the crime charged was committed by the appellants Jones and Howard with the full knowledge and aid of appellant Jackson.

■ The corpus delicti in larceny consists of two elements: (1) that the property was lost by the owner and (2) it was lost by felonious taking. Pate v. State, 36 Ala.App. 688, 63 So.2d 223.

■ Loss of property by felonious taking may be proved by facts and circumstances as well as by direct and positive evidence and if the evidence affords an inference that a larceny has been committed, its sufficiency is for the jury and it is their duty to determine whether the corpus delicti has been proven. Melson v. State, 38 Ala.App. 514, 88 So.2d 851; (Moss v. State, 32 Ala.App. 250, 25 So.2d 700—General Rule); Buckles v. State, 291 Ala. 359, 280 So.2d 823.

■ With regard to the alleged action of appellant Jackson, the driver of the automobile, it has been held that every person, who, with a guilty knowledge, aids and abets the carrying away is guilty of larceny. Travis v. State, 32 Ala.App. 637, 29 So.2d 359.

In the light of the above cited authorities the court is of the opinion this case was properly submitted to the jury by the trial court and that there was no error in overruling the motions to exclude the testimony.

After careful consideration of the entire record in this cause, we have discovered no error of a substantial nature injurious to the rights of either of the appellants. The case against each appellant is affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgments below are hereby

Affirmed.

All the Judges concur.