321 So.2d 727

**Tommy Earl GROSS, alias**

v.

**STATE.**

**6 Div. 919.**

Court of Criminal Appeals of Alabama.

Aug. 19, 1975.

Rehearing Denied Oct. 1, 1975.

P. Wayne Thorn, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State.

HARRIS, Judge.

Appellant was indicted and tried for robbery. The jury found him guilty of grand larceny and fixed the value of the stolen property at $150.00. He was and is an indigent. He was represented at arraignment and trial by a court-appointed lawyer. He pleaded not guilty. After conviction he gave notice of appeal and requested that the five-year sentence imposed on him be suspended pending appeal. He was furnished a free transcript and trial counsel was appointed to represent him on appeal.

This is a strange case indeed. Only one witness testified for the state and that was the woman, Lucille Jackson, who had her $150.00 taken from her. Appellant did not testify and offered no evidence in his behalf.

She testified that she lived at 5917 57th Avenue, North in the city of Tarrant, Jefferson County, Alabama, and was employed at JCCEO as a food monitor.

On July 26, 1974, between 12:30 and 1:00 p. m. she was leaving Eastwood Mall in Birmingham from the north exit. As she left the mall, two unidentified Negroes followed her and entered her car when she unlocked it. After they entered the car, they began talking about how much money they had and how much money they were going to get. Lucille told them she didn't have any money and if they didn't believe her, they could look in her purse. One of the men looked in her purse and found no money but saw two checks made payable to her. One was her salary check in the amount of $70.00 and the other check in the amount of $80.00 was her gas mileage check. The man in the front seat told her "for your own good you will have to cash the checks." She was instructed to drive to Gate City.

When they arrived in Gate City, the man in the front seat told her to stop at an apartment complex. He got out of the car and went in one of the apartments and returned in a few minutes with another Negro whom she later identified as appellant. Appellant got in the back seat with the other Negro. The man who had threatened her to cash the checks got in the front seat with Lucille and told her to drive to the Birmingham Trust National Bank in Tarrant. Lucille went in the bank followed by appellant. They entered the bank about the same time. Lucille had a deposit box in this bank but she did not have an account there. She went to a teller and put the checks on the counter and requested they be cashed. The teller asked her if she had an account in the bank and she said no and the teller told her she could not cash the checks. Appellant was standing nearby and heard this conversation. Lucille did not tell the teller that the appellant had followed her in the bank nor did she say two more Negroes were waiting in her car. Lucille and appellant went back to her car and she told the two men she could not get the checks cashed and appellant confirmed her statement.

The man in the front seat who had done all the talking and who threatened Lucille told her to drive to the Roebuck First National Bank saying this bank would cash any check. She drove as instructed and she and appellant went in the bank together. She got her salary check cashed but had to show some identification to get the gas mileage check cashed. She put the money from both checks in her billfold and put the billfold in her purse. She and appellant walked out of the bank. She did not tell anyone in this bank that appellant followed her in the bank nor did she mention two other Negroes were waiting in her car to take her money. She got back in her car and appellant re-entered the back seat. She put her purse on the front seat between her and the Negro who had threatened her to get the checks cashed for her own good. This man told her to take them back to Gate City. On the trip to Gate City, the man on the front

seat picked up her purse and removed the $150.00 from the billfold. When she got to Gate City, she was told to stop and the three Negroes got out of the automobile and the man who took the money said, "We will see you later Miss Jackson."

After the man left Lucille went back to the mall and reported the theft of her money to the police. She gave the officers a description of the three Negroes. Some time later a detective brought some photographs to her to see if she could identify any one of the three Negroes. After looking through the photographs she identified appellant as one of the trio. Some time later she viewed a lineup and again identified appellant. In addition to this she made a positive in-court identification of appellant as the man who walked in the two banks with her when she was trying to get her checks cashed. She was never able to identify the other two Negroes.

Lucille further testified that she was in the presence of these three men for an hour and a half to two hours and at no time did she see a knife, pistol, club or any other type of a weapon.

When the state rested, counsel for appellant made the following motion, "I would like to make a motion to exclude the evidence at this point, Your Honor."

It will be noted that the motion to exclude failed to set out any specific grounds therefor.

■ In *Turner v. State*, 266 Ala. 250, 96 So.2d 303, the Supreme Court held that the trial court will not be put in error in overruling a motion to exclude where the motion is made without setting out the grounds therefor.

■ Where several persons participate in a robbery, it is immaterial which one takes the property as they are all guilty as principals. *Murphy v. State*, 52 Ala.App. 490, 294 So.2d 457; *Johnson v. State*, 52 Ala.App. 277, 291 So.2d 369.

■ The loss of property to felonious taking may be proved by facts and circumstances as well as by direct and positive evidence, and if the evidence affords an inference that larceny has been committed, its sufficiency is for the jury. *Jones v. State*, 51 Ala.App. 570, 287 So.2d 886.

In *Haggler v. State*, 49 Ala.App. 259, 270 So.2d 690, this court held that where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Whether there is such evidence is a question of law, its weight and probative value are for the jury.

There was no motion for a new trial; no request for the affirmative charge; no exceptions reserved to the court's oral charge, and no adverse rulings on the admission of evidence which contained any merit.

■ We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none.

The judgment of conviction is affirmed.

Affirmed.

All the Judges concur, except CATES, P. J., not sitting.