327 So.2d 733

Charles JOHNSON, alias

v.

STATE.

3 Div. 400.

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

Rehearing Denied Jan. 20, 1976.

Jasper B. Roberts, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent, appeals from a judgment entered pursuant to a conviction for robbery. Sentence imposed was ten years imprisonment.

The indictment charged that the defendant " . . . feloniously took $209.23 . . . the property of Wanda Crosby, from her person, and against her will, by violence to her person, or by putting her in such fear as unwillingly to part with the same. . . ."

It appears from the evidence that Wanda Crosby, an employee of Majik Mart, a

suburban convenience store in Montgomery, was on duty September 8, 1973. She was approached in the store by two black males, later identified as defendant and Charles Williams. The latter, with a pistol which he pointed at the employee, demanded that the money on hand be placed in a sack and surrendered. The victim hurriedly complied. The two males departed forthwith, immediately after which the victim fainted.

It further appears in the record that the victim testified that during the ordeal, before the robbers left, ". . . it dawned on me to get scared." On cross examination she testified that she wasn't afraid with Charles Williams holding a gun on her.

Defendant, when the State rested, moved orally to exclude the State's testimony on the ground that the State had not made out a prima facie case against the defendant as to the charge contained in the indictment. Appellant's counsel pointed out that the victim testified affirmatively that she was under no fear when she parted with the money; that she was not afraid until after the alleged robbery took place. The court denied the motion.

It is our opinion that the denial of the motion was correct and that appellant's contention of error is without merit.

■ This Court held in *Tarver v. State*, 53 Ala.App. 661, 303 So.2d 161(2), that the three essentials of robbery are: (a) felonious intent, (b) force, or putting in fear as a means of effecting the intent, and (c) by that means of taking and carrying away of the property of another from his person or in his presence, all of these elements concurring in point of time. See also our recent case *Gross v. State*, 56 Ala.App. 709, 325 So.2d 216, wherein the same principles of law are discussed and authorities cited.

■ Be that as it may, we do not think that the victim's assertion that she was not afraid eliminated the issue of mandated fear in the statute. Fear was an alternate element of the offense. The jury could have inferred that she was not afraid pending compliance with the demand to surrender the money, but fear obtained if she did not. Evidently there was existing fear in the mind of the victim because she obeyed the robber's order and immediately after compliance she fainted. The evidence of prompt surrender of the money and the fainting belied the victim's assertion of bravery and left the jury to infer that the victim's claim that she was not afraid was sheer braggadocio. The existence of fear *vel non* was an issue for the jury to determine from the evidence.

■ The evidence was ample to support the State's contention that appellant-defendant was an accomplice in the robbery and a principal under Title 14, § 14, Recompiled Code 1958. We omit further details.

The judgment of the trial court is affirmed.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.

CATES, P. J., concurs specially; TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., join in this concurrence.

CATES, Presiding Judge (concurring specially):

The common law expression of putting in fear does not require a chilling fright to run through the victim's veins and thus produce a consciousness of violent duress.

* * * And when it is laid to be done by putting in fear, this does not imply any great degree of terror or affright in the party robbed: it is enough

that so much force, or threatening by word or gesture, be used, as might create an apprehension of danger, or induce a man to part with his property without or against his consent. Thus, if a man be knocked down without previous warning, and stripped of his property while senseless, though strictly he cannot be said to be *put in fear*, yet this is undoubtedly a robbery. Or, if a person with a sword drawn begs an alms, and I give it him through mistrust and apprehension of violence, this is a felonious robbery.

—Blackstone, iv Com. 243

I would not make the subjective feeling of the victim a sine qua non of putting in fear.[1] Rather, a presented firearm with a demand for money suffices to let a case go to a jury.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., join in this concurrence.

1. See: *Gross v. State*, 1975, 56 Ala.App. 709, 325 So.2d 216; *Brown v. State*, 48 Ala.App. 456, 265 So.2d 898 (1972).