The appellant was indicted and convicted for the offense of robbery. In accordance with the verdict of the jury, the trial court entered judgment and sentenced the appellant to ten years in the penitentiary. Appellant's court appointed trial counsel was appointed to represent him on appeal.
The appellant asserts two major assignments of error on this appeal: insufficiency of the evidence and the impropriety of the state's cross examination of the appellant with regard to his prior criminal record.
On March 19, 1976, Isaac Yelder was returning to his home in Bessemer, Alabama, after visiting some sick members of his congregation who were in the hospital. He was flagged down by the appellant who wanted a ride. Mr. Yelder accommodated the appellant and drove him where he wanted to go.
When Mr. Yelder stopped his automobile, the appellant picked up Mr. Yelder's .45 caliber automatic pistol, which had been lying in the middle of the front seat. The appellant refused to return the pistol and a struggle developed. Yelder was pulled from the automobile and his pant's pocket was torn by the appellant. Yelder managed to get the pistol away from the appellant, cried out for help and the appellant fled. Yelder testified that when he got in his car that morning he had his billfold but when the appellant ran off, his billfold was gone. Yelder did not actually see the appellant with his billfold but "knew" he took it because there "wasn't nobody else but me and him".
The police were summoned to the scene and Mr. Yelder described his assailant to them.
Three or four weeks following the robbery Mr. Yelder observed the appellant at a bus stop. He hailed a policeman and separately they both followed the bus the appellant rode to his place of employment. The appellant entered a coffee shop to get some breakfast and Mr. Yelder summoned several policemen inside the coffee shop. These *Page 549 
law enforcement officers brought the appellant outside and arrested him.
The appellant testified in his own behalf that he did not get a ride with Mr. Yelder and did not rob him. Several witnesses were called by the appellant to contradict and impeach Mr. Yelder's description of the appellant.
 I
After the state had presented its case and rested, the appellant filed a motion to exclude the evidence based on the failure of the state to present a prima facie case. A motion for a new trial also raises this same issue. On appeal, counsel for the appellant argues the insufficiency of the evidence. Therefore, it is incumbent upon this court to determine whether the evidence is sufficient to sustain a conviction for robbery.
The three essential elements of the crime of robbery are (1) felonious intent, (2) force, or putting in fear as the means of effecting the intent, and (3) by that means the taking and carrying away of the personal property of another from his person or in his presence, with all three elements occurring in point of time. Moore v. State, 57 Ala. App. 668, 331 So.2d 422
(1976); Crutcher v. State, 55 Ala. App. 469, 316 So.2d 716
(1975).
The appellant maintains that there was no evidence of (1) a taking and carrying away of the personal property of the victim and (2) that the victim was placed in fear and the property was taken against his will.
In substance and considering the victim's testimony as a whole, Mr. Yelder testified that he had his billfold when the appellant got in the car and when the appellant left the billfold was gone. Mr. Yelder did not see the appellant with his billfold at any time but testified that the appellant, "hit my pocket and got part of my pocket and pocketbook and tore my pants down".
The actual taking and asportation of some of the victim's personal property is an essential element of robbery. In other words, there must first be a larceny — a felonious taking. The loss of property to felonious taking may be proved by facts and circumstances as well as by direct and positive evidence. Grossv. State, 56 Ala. App. 387, 321 So.2d 727 (1975); Jones v.State, 51 Ala. App. 570, 287 So.2d 886 (1974). Indeed, the offense of robbery may be proved by circumstantial evidence as well as direct evidence. Moore v. State, 48 Ala. App. 719,267 So.2d 509 (1972); Gautney v. State, 36 Ala. App. 90,53 So.2d 595, cert. denied, 256 Ala. 73, 53 So.2d 599 (1951).
Here the circumstances of a taking are strong and certainly sufficient to submit the question to the jury. The mere fact that the victim did not realize his wallet was stolen until after the appellant left is not a controlling issue in this case. In Cobern v. State, 273 Ala. 547, 142 So.2d 869 (1962), the Alabama Supreme Court held that the fact that the robbery victim was dead at the time of taking her property would not militate against the crime of robbery if the intervening time between the murder and the time of taking the property formed a continuous chain of events.
We hold that the commission of robbery was sufficiently established by testimony that the victim had his wallet in his back pocket immediately prior to the time of the scuffle, that the appellant hit and tore this pocket, and that following the struggle, the victim's wallet was missing.
Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Haggler v. State, 49 Ala. App. 259,270 So.2d 690 (1972); Gross, supra.
Under the argument of the appellant, the state offered no evidence that the victim was put in fear. In robbery, the force or intimidation employed is the gist of the offense. The manner of taking is in the alternative; if force or violence is used, fear is not an essential ingredient. Conversely, if fear is used, there need be no violence. Johnson v. State, 57 Ala. App. 238, 327 So.2d 733 (1976). Here force was used to effect the taking of the billfold. The billfold was taken during a scuffle and a *Page 550 
pant's pocket was torn. That was sufficient force to supply one of the necessary ingredients for the crime of robbery.
 II
On direct examination the appellant testified that he had served some time in Tennessee on a conviction of petty larceny in 1970. The appellant was then asked by his attorney:
 "Q. Okay. Since that time you haven't been in any trouble at all, have you?
"A. Assaulting a police officer.
"Q. You did?
"A. Yeah.
"Q. When was that?
"A. That was also the case in '70.
"Q. Oh, that was around the same time?
"A. Yes."
On cross examination, the Deputy District Attorney questioned the appellant.
 "Q. You testified you hadn't been in any trouble except for that petty larceny conviction in Memphis, Tennessee, isn't that correct?
"A. Right.
 "Q. Isn't it a matter of fact in 1970 that you were arrested in Memphis, Tennessee for AWOL from the Navy?
"A. Right.
 "Q. Also in 1970 in Memphis, Tennessee you were arrested for suspicion of burglary, isn't that correct?
"MR. HYNDS: I object to this line of questioning.
 "THE COURT: You asked him if he had ever been in any trouble.
 "Q. Also in 1970 in Memphis, Tennessee, you were arrested on a surrender on bond on that suspicion of burglary that you had been arrested on prior to that, isn't that correct?
 "MR. HYNDS: We have already said that — given testimony that he was in trouble in 1970.
 "THE COURT: You asked him had he been in any other trouble other than the conviction for petty larceny and he said, no. I'm going to allow him to go into that.
 "Q. And also in 1970 you were arrested on November 7th, 1970, you were also arrested and charged at that time with attempt to commit a felony, isn't that correct?
"A. Yes, that's right.
 "Q. And on October the 13th of 1970 in Memphis, Tennessee, you were arrested on a capias writ of arrest and at that time you used the name of Bert Smith, isn't that correct?
"A. No, that's not.
 "Q. And January 25th of 1971 in Memphis, Tennessee you were arrested for drunk and resisting arrest, isn't that true?
"A. I was arrested for drunk and resisting arrest.
 "Q. In 1974, on June 29th, 1974, you were arrested again in Memphis, Tennessee and charged with larceny, were you not?
 "A. I was picked up then on larceny and robbery, right.
"MR. RUSSELL: That's all the questions I have."
The appellant contends that it was error to permit the prosecutor to impeach the appellant by showing prior arrests and convictions of municipal misdemeanors.
Under the authority of McClendon v. State, 54 Ala. App. 327,307 So.2d 723 (1975) and Davis v. State, Ala.Cr.App.,331 So.2d 807 (1976), we hold that the prosecutor's questions on cross examination relating to the appellant's arrests for crimes were permissible. Ezzell v. State, 13 Ala. App. 156, 68 So. 578
(1915).
Generally it is true that the accused, or any witness, may not be impeached by showing a mere arrest or charge of a crime,Headley v. State, 51 Ala. App. 148, 283 So.2d 458 (1973); Deanv. Johnston, 281 Ala. 602, 206 So.2d 610 (1968); Parker v.State, 280 Ala. 685, 198 So.2d 261 (1967); Rogers v. State,54 Ala. App. 13, 304 So.2d 255 (1974); Warren v. State, 52 Ala. App. 35, 288 So.2d 817 (1973); or by showing a violation of a municipal ordinance, *Page 551 Huggins v. State, 271 Ala. 428, 123 So.2d 911 (1960); Mayton v.State, 52 Ala. App. 626, 296 So.2d 249 (1974); Rainey v. State,48 Ala. App. 530, 266 So.2d 335, cert. denied, 289 Ala. 750,266 So.2d 340 (1972); or an arrest or conviction for AWOL, Cox v.State, 50 Ala. App. 339, 279 So.2d 143 (1970). However here these arrests were properly within the scope of cross examination, this being a matter covered by defense counsel on direct examination. By attempting to show on direct examination all the "trouble" the appellant had been in, the defense attorney opened the door and paved the way for the state to do likewise on cross examination.
 III
Additionally and finally, the appellant submits that the failure to grant his motion to exclude the identification testimony of the victim was error. This motion and subsequent allegation of error are based on the grounds that the victim's identification testimony was contradictory, incomplete, inconsistent and vague.
We are not faced with the situation of a pretrial identification followed by an in-court identification. The victim made a positive and unequivocal in-court identification of the appellant. Therefore, whether the appellant was guilty of robbery was a jury question. Vaughn v. State, 57 Ala. App. 134, 326 So.2d 662 (1976). Testimony of the victim of the alleged robbery which was offered to establish the identity of the defendant as the alleged robber presented a jury question on that issue. Lambert v. State, 55 Ala. App. 669, 318 So.2d 364
(1975). Any discrepancies in the victim's testimony went to its credibility rather than its admissibility.
Having reviewed the entire record as required by law, it is the opinion of this court that this case is due to be and is hereby
AFFIRMED.
All Judges concur. *Page 743