HARRIS, Presiding Judge.
Appellant was convicted of burglary in the first degree and the jury fixed his punishment at thirteen years and three months in the penitentiary. He was represented by court-appointed counsel and at arraignment he pleaded not guilty. After sentence was imposed he gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent him on appeal.
The sufficiency of the evidence is not presented to this Court for review. There was no request for the affirmative charge; there was no motion filed for a new trial; there were no exceptions reserved to the oral charge of the Court, and there were no adverse rulings containing any merit.
At the close of the State’s case appellant moved to exclude the evidence without *1144 specifying any grounds. In Turner v. State, 266 Ala. 250, 96 So.2d 303, the Supreme Court held that the trial court will not be put in error in overruling a motion to exclude where the motion is made without setting out the grounds therefor.
Mr. Joe Hayes, who lives at McDonald’s Chapel, Alabama, testified that on the night of May 25, 1977, he went to bed as usual and that something woke him up later that night. He got out of bed and took a flashlight that his wife handed him. He went in the front room and saw a boy standing there, whom he identified as the appellant. Mr. Hayes said that his wife held the flashlight on the appellant and that he struck the appellant with his fist. The appellant then fled. Mr. Hayes said that he knew the appellant and that he lived in the neighborhood.
On cross-examination, Mr. Hayes said that the appellant had been in his house many times, and that he had never stolen anything before. Mr. Hayes testified that the appellant grabbed him and that is when he hit the appellant.
Mrs. Hayes testified that she and her husband have lived at McDonald’s Chapel, Alabama for approximately fifty years. She said she was eighty-one years old. She said that on the night in question she and her husband had gone to bed and that she woke up about 4 o’clock in the morning because she heard a noise. She called her husband to get up. She held the flashlight on the intruder. Mrs. Hayes identified the appellant as the person whom she saw in her house. She said he lived in the neighborhood and she saw him every day.
Mrs. Hayes said that the glass panes had been removed from the living room window. She said they were not out when she went to bed that night.
On cross-examination, Mrs. Hayes testified that she knew the appellant well. She said he did not have a chance to steal anything because she grabbed him.
Sergeant Harold M. Johnson, a detective with the Jefferson County Sheriff’s Department, testified that he went to the residence of Joe Hayes one morning in May of 1977 at about 9:00 a. m. He said that several window panes had been removed from one of the windows in the house.
Sergeant Johnson said he talked with Mr. and Mrs. Hayes and they gave him the name of someone they identified as the man in their house. Sergeant Johnson said he then brought a group of five photographs to the Hayes’ home. He showed each of them the photographs separately, and each of them picked the photograph of Melvin Howard as the person who broke into their house.
Appellant testified that he lived about a block from the Hayeses and that he had known them about fourteen years. Appellant is seventeen years old. He said he had been inside the Hayes’ house about five or six times and that he passed by quite often and spoke to them. He said he had never stolen anything from them.
On cross-examination, the appellant said that when he was arrested he told the police that he was at home with his family at the time the break-in occurred.
Sergeant Johnson testified in rebuttal that he had a conversation with the appellant shortly after his arrest and that the appellant told him that he did not know anything about the break-in and that he did not remember where he was or what he was doing on the night in question.
The State made out a clear cut case of burglary in the first degree and the evidence fully supported the verdict.
To constitute burglary it is not necessary that a theft be committed. Haynes v. State, 49 Ala.App. 16, 268 So.2d 47; Waid v. State, 39 Ala.App. 255, 97 So.2d 598.
In our review of the record we find that appellant was seventeen years of age at the time of his trial. The record fails to reveal, either before or during the trial, that appellant was ever apprised of the fact that he might be considered for treatment as a Youthful Offender under the provisions of Title 15, Section 266(1), et seq., Code of Alabama 1940, 15-19-1 Code of 1975.
*1145 Under Clemmons v. State, 294 Ala. 746, 321 So.2d 238, we must remand this case for such determination.
The trial court is further instructed that the hearing be held speedily, and that a full record be made together with the Court’s determination. A transcript of these proceedings, under the seal of the Clerk, must then be forwarded to this Court for review.
Remanded with Directions.
All the Judges concur.
After Remandment.
This case was remanded to the Circuit Court of Jefferson County, Bessemer Division, so that appellant could be advised of his rights under the Youthful Offender Act.
In strict compliance with our directive the trial court set the case for a hearing at which appellant and counsel were present. The Court advised appellant, age 17, of his rights under the Youthful Offender Act and he indicated that he wished to make application for Youthful Offender treatment.
It developed at this hearing that appellant had pleaded guilty to the offense of assault with intent to murder subsequent to his conviction of burglary in the first degree, and that the sentence in the latter case was to run concurrent with the sentence he received in the present case.
The Court thereupon denied appellant Youthful Offender treatment and we now affirm his conviction of burglary in the first degree for which he was sentenced to thirteen years and three months in the penitentiary.
AFFIRMED.
All the Judges concur.