HARRIS, Presiding Judge.
Appellant was indicted and convicted of assault with intent to rob. He was sentenced to imprisonment in the penitentiary for a term of eleven years. He was properly arraigned in the presence of his attorney and interposed a plea of not guilty. After sentence was imposed he gave notice of appeal and was furnished a free transcript. Trial counsel represents him on appeal.
The facts are not complicated or disputed. Appellant did not testify nor did he offer any evidence in his behalf.
The victim testified that on April 26, 1978, she got off work at 3 o’clock in the afternoon and went to a local bank to deposit a check. After leaving the bank she drove to the Western Hills Mall in the city of Birmingham. She parked her car and was walking on the sidewalk toward Love-man’s Department Store. She was carrying her purse with the strap over her left shoulder with her thumb hooked inside the strap to keep her purse close to her body. As she was walking she heard someone running behind her and she sidestepped to get out of the way. Just as she sidestepped she was grabbed from behind by appellant. He grabbed her violently around her body and got the purse strap in his right hand. He was screaming to the victim, “I want the money, bitch, I want the money, bitch.” The victim said, “No you are not going to get it.” Appellant was pulling on the strap and the victim was holding fast. According to the victim the man lost his balance when she would not let him take her purse. He finally regained his balance, released the strap and fled. The victim stated that the would be robber did not break the skin on her body but he certainly left his mark on her.
The victim started hollering for help and a police officer nearby came to her aid. *450 She told him what had occurred and pointed to the man who was running in the direction of Penney’s in the Mall. In a matter of minutes the officer overtook the man and promptly returned him in front of Loveman’s where the victim positively identified him as the man who attempted to rob her.
According to the testimony of the officer the victim was emotionally upset. “And seemed as if she had encountered some form of exertion. She was somewhat out of breath; distraught.”
The only logical deduction that can be fairly drawn from the testimony adduced by the State is that if appellant had not lost his balance and the victim had not fought him so valiantly he would have successfully completed his mission in forcibly taking her purse containing money and other valuables.
It is true that the victim was not put in fear as she did not see her assailant as he suddenly pounced upon her from behind. That appellant used force cannot be gainsaid by the testimony of the victim. He deliberately chose the victim as his quarry as she was walking alone and he thought she would be easy prey. The question of intent was for the jury and the verdict of the jury resolved this issue against appellant. Crutcher v. State, 55 Ala.App. 469, 316 So.2d 716; Root v. State, 247 Ala. 514, 25 So.2d 182; Gibson v. State, 49 Ala.App. 18, 268 So.2d 49.
Nearly a century ago the Supreme Court of Alabama in the case of Evans v. State, 80 Ala. 4, held:
“While it may be true, that mere taking unawares, or a sudden snatching a thing from the hands of another is not robbery, if the snatching be accompanied with violence, or such demonstrations or threats as to create a reasonable apprehension of bodily injury, or creates resistance, however slight, the offense is committed.” (Emphasis supplied.)
The evidence from the victim shows that violence was used and brings this case squarely within the pronouncement of Evans, supra. Violence is force in the context of the facts in this case and force is all that is required in assault with intent to rob provided the requisite intent is present.
An excellent annotation of this question is found in 42 A.L.R.3d, at page 1381. See also Johnson v. State, 57 Ala.App. 238, 327 So.2d 733.
Appellant contends that the trial court erred to a reversal in refusing to give the following requested charge:
“1. Ladies and gentlemen of the jury, I charge you that assault with intent to rob could be committed in two different ways: (1) by the use of an offensive weapon or instrument; and (2) by threatening the victim in a forcible and violent manner regardless of whether a weapon is used.”
Appellant states that the above charge was approved in Brown v. State, 48 Ala.App. 456, 265 So.2d 898. In Brown this was quoting from a Kentucky case. In Knight v. State, 273 Ala. 480, 142 So.2d 899; the Supreme Court held:
“Statements of law in judicial opinions are not always proper for jury instructions in other cases. . . . Lifting language from an opinion and embodying it in a written charge does not of itself make it a correct instruction to the jury.”
Aside from any other reason requested charge 1 contains a misspelled word, thereby justifying its refusal. The other refused charges had a tendency to divert the attention of the jury, or to withdraw from their consideration the evidence of material facts. Being misleading, confusing and abstract, they were properly refused. There was absolutely no evidence that any type of an offensive weapon or instrument was used by appellant in this attempted robbery. Ala.Dig., Criminal Law, <®=»830.
The court properly charged the jury on the law applicable to, the offense of assault with intent to rob. The court also charged the jury on attempt to rob and assault and battery as lesser included offenses. At the conclusion of the oral *451 charge appellant only reserved an exception to the refusal of the court to give his requested charge number 1. On appeal appellant claims that the trial court erred in his oral charge to the jury but the record does not reflect that any other exceptions were reserved to the oral charge. In the absence of an exception the matter cannot be raised for the first time on appeal. Davidson v. State, Ala.Cr.App., 360 So.2d 728.
Finally appellant complains about the harshness of the sentence imposed upon him by the trial court. Section 13-1-46, Code of 1975, provides that one who is convicted of assault with intent to rob may be punished by imprisonment in the penitentiary for not less than two nor more than 20 years. The 11-year sentence imposed on appellant is well within the limits of the above Code Section and is not reviewable nor revisadle on appeal. Barnett v. State, Ala.Cr.App., 348 So.2d 512.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.