The appellant, Carrie L. Steele, was found guilty of murder and was sentenced to fifteen years' imprisonment in the state penitentiary. The appellant raises seven issues for review, but because one of these issues requires that the case be reversed and judgment rendered in her favor, only that issue will be discussed.
The appellant contends that she was convicted on the uncorroborated testimony of two accomplices. At the close of the State's case, the defense counsel made the following motion:
 "Judge, we would move for a directed verdict of acquittal. My client is charged with murder, and there has been no showing that she in any way participated in the murder. The State has been going on the assumption that she was somehow involved in a conspiracy or a plan, and we would show that there's been no showing that she was involved. And the fact that their main witness said she said nothing at any point and mere presence would not be enough to convict, so we would move for a directed verdict."
A motion to exclude evidence which does not state the grounds on which the motion is based is properly overruled. Ward v.State, 376 So.2d 1112, 1116 (Ala.Cr.App.), cert. denied,376 So.2d 1117 (Ala. 1979); Gross v. State, 56 Ala. App. 387,321 So.2d 727, cert. denied, 295 Ala. 403, 321 So.2d 729 (1975);Espey v. State, 270 Ala. 669, 120 So.2d 904 (1960).
 "To preserve the issue for appeal, it is necessary for defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court's attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case. Turner v. State, 266 Ala. 250, 96 So.2d 303 (1957); see also, R. Williams, Williams' Alabama Evidence § 308 (1967)."
Ex parte Maxwell, 439 So.2d 715, 717 (Ala. 1983). Because the defense counsel's motion charged such grounds, the issue of whether the State presented sufficient corroborative evidence of the two accomplice-witnesses was preserved.
Generally, the testimony presented by the two accomplices was to the effect that the victim had been living with the appellant's niece, Karo Steele, for some time and that they had been involved in a number of fights. Following one such fight, Karo ran to the appellant's house, *Page 143 
where she spent the night. The following day, a group of family members and friends of Karo were assembled at the appellant's house. There were approximately 11 individuals involved: 7 "boys" and 4 adults. Karo then informed the group that she wanted them to kill Booker T. Williams, the victim. She stated that she wanted two of the individuals, Iris and Bull, to accompany her to the front of the house and kick in the door. She wanted the rest of the group to enter the residence from the back of the house. Thereafter, five of the boys, all carrying guns, entered the home and began shooting. Thereafter, everyone ran to the cars and quickly drove away.
It is clear that the two main prosecution witnesses, Kenneth Ray O'Bair and Lenova McCants, were accomplices as a matter of law.
 "Section 12-21-222 provides that one cannot be convicted of a felony on the uncorroborated testimony of an accomplice. For the corroboration requirement of this section to apply, however, 'it must clearly appear that the witness in question is an accomplice. Ross v. State, 74 Ala. 532
(1883); Lowery v. State, 38 Ala. App. 505, 88 So.2d 854 (1956).' Perry v. State, 368 So.2d 305, 309
(Ala.Crim.App. 1978), reversed on other grounds, 368 So.2d 310 (Ala. 1979). The defendant who alleges that a witness is an accomplice has the burden of so proving, unless the evidence presented by the prosecution shows without dispute that the witness is an accomplice. Jacks v. State, 364 So.2d 397, 403 (Ala.Crim.App.), cert. denied, 364 So.2d 406 (Ala. 1978)."
Ex parte Bates, 461 So.2d 5, 6 (Ala. 1984). "The question of law for the court resolves itself into one of undisputed evidence."Washington v. State, 401 So.2d 236, 239 (Ala.Cr.App.), cert.denied, 401 So.2d 241 (Ala. 1981).
 " 'The mere fact that a witness is indicted for the same crime as the defendant does not per se raise a presumption that he was an accomplice. Jacks [v. State, 364 So.2d 397 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala. 1978).]' Washington v. State, 401 So.2d 236, 239 (Ala.Cr.App. 1981), writ denied, Ex parte Washington, 401 So.2d 241 (1981). A witness may be an accomplice as a matter of law and his testimony must be corroborated if he admits knowledge of and participation in the offense. Peoples v. State, 418 So.2d 935, 938
(Ala.Cr.App. 1982)."
Hodges v. State, 500 So.2d 1273 (Ala.Cr.App. 1986). Both O'Bair and McCants testified for the State and admitted to shooting the victim. Both of these witnesses were already serving time for the murder.
 "The test for determining the sufficiency of the corroborative evidence of the testimony of an accomplice is through a 'subtraction process'. Thompson v. State, 374 So.2d 388, 389 (Ala. 1979), citing Kimmons v. State, 343 So.2d 542
(Ala.Cr.App. 1977). The test is generally stated:
 " '[F]irst, the evidence of the accomplice must be eliminated, and then, if upon examination of all other evidence, there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration. . . .' Miller v. State, 290 Ala. 248, 250, 275 So.2d 675 (1973). (Emphasis added [in McCoy.])
 "This rule is codified in Alabama Code 1975, Section 12-21-222."
McCoy v. State, 397 So.2d 577, 585 (Ala.Cr.App.), cert. denied,397 So.2d 589 (Ala. 1981).
 " 'The corroboration which is sufficient to support the accomplices' testimony must be of some fact tending to prove the guilt of the defendant.
 " ' ". . . It must be of a substantive character, must be inconsistent with the innocence of the accused and must do more than raise a suspicion of guilt. . . ." Sorrell v. State, 249 Ala. 292, 31 So.2d 82, 83.' "
Ex parte Bell, 475 So.2d 609, 613 (Ala. 1985). See also Bookerv. State, 477 So.2d 1388, 1390 (Ala.Cr.App. 1985). " '[E]vidence which merely raises a conjecture, surmise, speculation, or suspicion that accused is the guilty person is not . . . sufficiently *Page 144 
corroborative of the testimony of an accomplice to warrant a conviction.' 23 C.J.S. Criminal Law, Section 812(5)(b)."Staton v. State, 397 So.2d 227, 232 (Ala.Cr.App. 1981).
In the case sub judice, after subtracting the testimony of the two accomplices we find that the State's remaining evidence consisted of the testimony of five witnesses. Dr. LeRoy Riddick testified that he was employed by the Alabama Department of Forensic Sciences and that he performed the autopsy on the victim. He determined that the victim was shot 34 times and that his death was caused by gunshot wounds. Lt. Frank Dees testified that he was a detective lieutenant with the Prichard Police Department and that he investigated at the scene of the offense, following the murder. He testified that he talked to some people at the scene of the offense, but that no one knew anything about the murder. He further testified that the appellant was not anywhere around while he did his investigation. Lt. Dees testified that he first arrested all of the juveniles and that, after talking to one of them, he arrested the other individuals who were also allegedly present; the appellant was among them. Lt. Dees also testified that he discovered guns which corresponded with shells and gunshot found at the scene of the offense. These guns were uncovered during the execution of search warrants on Lenova McCants's mother's home and the appellant's mother's home. Furthermore, a gun was found near the Eclipse Club and another was retrieved from one of the juveniles. On cross-examination, Lt. Dees acknowledged that a search warrant was executed for the appellant's house in order to look for guns, but that none were found so far as he knew. Another witness, Clifton Buchanan, testified that he did not know the appellant and had never seen her before. He described a conversation he had overheard between a young girl and her mother concerning doing a "boom-boom" on "him." However, neither of these persons was the appellant. A criminalist, specializing in firearms and tool mark examination for the Mobile Division for the Alabama Department of Forensic Sciences, testified that the bullets and gunshots found at the scene and in the body matched the firearms recovered. Vera Jean Brooks, a neighbor of the victim, testified that she was outside washing her car when the murder took place. She testified that she saw Karo and Iris kick in the victim's door and then saw "all the children coming and the shooting started." She testified that she observed the boys running around the house and shooting; however, she said she did not notice the particular individuals involved as she was looking for her children. She further testified that she told Karo that she intended to call the police because she could not find her children. When the prosecutor asked her if she noticed "anybody else out there besides the children or the boys," she responded that she did not. Although she testified that she knew the appellant, she made no indication that the appellant was present during the murder.
None of the evidence presented by the State, aside from the testimony from the two accomplices, tended to connect the appellant with the commission of the offense. Ware v. State,409 So.2d 886, 891 (Ala.Cr.App. 1981), cert. quashed,409 So.2d 893 (Ala. 1982). Although the appellant subsequently testified and admitted to being present at the scene of the murder, while denying that she had any previous knowledge of the plans to perpetrate the crime or of the fact that the boys were carrying guns, we need not determine whether the appellant's statement would have provided sufficient corroboration, see Craig v.State, 376 So.2d 803, 806 (Ala.Cr.App.), cert. denied,376 So.2d 807 (Ala. 1979), because the defense counsel's motion for judgment of acquittal was made at the close of the State's case.
 "The scope of our review in determining the correctness of the trial court's ruling on a motion to exclude the State's evidence is limited to a consideration of the evidence which was before the trial court at the time the motion was made. McCloud v. State, 401 So.2d 314
(Ala.Cr.App. 1981). Testimony or evidence given after the State has rested its case and after the motion to exclude has been *Page 145 
made cannot be used to support the jury's verdict. Grimes v. State, 402 So.2d 1094 (Ala.Cr.App. 1981); McCoy v. State, 397 So.2d 577 (Ala.Cr.App.), cert. denied, 397 So.2d 589 (Ala. 1981)."
Crafts v. State, 439 So.2d 1323 (Ala.Cr.App. 1983).
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.